## THE STATE v. GROVES, Appellant.

### Division Two, March 6, 1906.

1. **ASSAULT WITH INTENT TO KILL: Conflicting Evidence.** The evidence in a prosecution for assault with intent to kill, being conflicting as to who was the assailant, the trial court properly refused to direct a verdict of acquittal.

2. ————: **Felonious Wounding: Less Offense: Instruction: Evidence.** Defendant cannot complain of an instruction on felonious wounding on the ground that, if the State's witnesses are to be believed, he was guilty of an assault with intent to kill, since the former is a less offense than the latter. And the evidence in this case is held sufficient to warrant the giving of an instruction on felonious wounding.

3. **INSTRUCTION: Not Requested: No Evidence.** If defendant desired an instruction on a particular subject, he should have requested it or called the trial court's attention to its failure to instruct on that subject. But even then the instruction should not be given if there was no evidence upon which to base it.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Morton Jourdan* for appellant.

(1) Under the testimony the court should have directed a verdict for the defendant. (2) The court committed error in giving an instruction to the jury upon felonious wounding. Under the testimony of the State's witnesses, if it was to be believed, the defendant was guilty of felonious assault. Under the testimony of the defendant's witnesses, the defendant was justified. This being true, there was no testimony upon which to predicate an instruction for felonious wounding. (3) The court should have given an instruction defining the right of the defendant to pursue one who had the possession or was stealing his cap, and the right to recover same, though the use of force was necessary.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) Even though defendant was guilty of an assault with intent to kill, he can not complain of the instruction on the subject of felonious wounding, nor of his conviction of that offense. Our court has several times decided that a defendant can not complain when convicted of an offense which is inferior in fact to the one of which he is guilty; and our statute so provides. State v. Frazier, 137 Mo. 340; State v. Hopper, 71 Mo. 431; State v. Keeland, 90 Mo. 340; State v. Wagner, 78 Mo. 648; R. S. 1899, sec. 2369. (2) Appellant insists that error was committed by the trial court in failing to instruct the jury on the right of defendant to prevent the larceny of his cap. A complete answer to said insistence is that appellant did not ask any such instruction, and did not specially call the court's attention to such failure.

GANTT, J.—This prosecution was commenced in the circuit court of the city of St. Louis, at the February

term, 1904, by information filed by the assistant circuit attorney, charging the defendant with having, on the first of July, 1903, willfully, on purpose and of his malice aforethought, made an assault in and upon one Abraham Peters, in the city of St. Louis, and then and there shooting off a certain pistol loaded with gunpowder and leaden balls, at, against and upon the said Peters, and giving unto him, said Peters, one wound, with intent then and there him, the said Peters, to kill, against the peace and dignity of the State.

The defendant was convicted of felonious wounding, and his punishment assessed at a fine of one hundred dollars. In due form he appealed to this court.

The evidence on the part of the State tended to prove that the defendant is a conductor on a street car in St. Louis, and the prosecuting witness is a negro man. On July 17, 1903, between six and seven o'clock in the evening, defendant was in charge of an electric car going along Gratiot street near Seventeenth street, when he got into a misunderstanding with one James Ladell, on the rear platform of his car; in the scuffle, the defendant's cap was knocked off and fell to the ground, and Ladell jumped off of the car, and ran towards the cap and picked it up to get the number; the defendant got a pistol from another passenger on the car and followed Ladell and fired four shots at him. Ladell testified he dropped defendant's cap at the first shot, and that the defendant fired at him three times after that as he ran down the street; all of the shots missed Ladell, but one of them took effect in the body of Peters, the prosecuting witness herein. The bullet pierced the right breast and was taken out of the back of the shoulder. At the time of the shooting, Peters was standing near the curb stone, and had gone out of his boardinghouse on the street in order to hear the trouble that was then in progress between defendant and Ladell, when a large number of negroes were drawn to the street by reason of the firing of the pistol.

The defendant's evidence tended to show that Ladell was guilty of misconduct on the street car, and that the conductor undertook to eject him, and got into a fight with him. Sheriff Hoog of Butler county, Missouri, was a passenger on the car, and was standing on the rear platform; he saw Ladell get on the platform, and his attention was first attracted by the conductor's attempting to put Ladell off of the car. Before Ladell was put off he knocked off the conductor's cap and it fell in the street; after he was put off he picked up a rock and attempted to throw it at the conductor, the defendant. The conductor asked witness for his gun in order to go and get his cap; the sheriff at first refused to let him have his pistol, but defendant said he wanted to protect himself, and thereupon he loaned him his pistol; his cap was about a half block back from the car; after getting the revolver the defendant started after his cap, Ladell started down the street in a run and took up defendant's cap. Sheriff Hoog saw the defendant shoot at Ladell, they then ran down a side street, and he did not know what occurred after that, said the street was pretty well filled up for a block with a crowd of negroes. The sheriff testified that there were rocks thrown at the car before defendant shot at Ladell. Other witnesses testify that rocks were thrown from the crowd of negroes before any shots were fired; one rock struck the back end of the car. A passenger by the name of McKenna was struck by one of the rocks thrown by one of the negroes after the shot. McKenna testified that he saw Ladell beating the conductor with his fists on the rear platform, and saw him run and pick up the defendant's cap; he saw defendant pursue Ladell down the road, shooting at him. There was no evidence tending to show that Peters himself took any part in the assault on the defendant or had anything to do with throwing the rocks at the defendant or at the car.

The court instructed on assault to kill with malice aforethought, and defined the terms willfully, on pur-

pose, and malice aforethought. It also instructed on assault with intent to kill without malice aforethought, and then gave the following instruction: "If from the evidence and under these instructions you find that at the city of St. Louis, Missouri, on or about the first day of July, 1903, defendant shot, struck and wounded one Abraham Peters with a bullet fired and discharged by said defendant out of and from a pistol loaded with gunpowder and leaden bullets, and you further find that such striking and wounding of said Abraham Peters was not intentionally done by defendant, but was done while he was shooting at some other person than said Abraham Peters, and that such striking and wounding of said Peters was the direct result of defendant's gross and culpable negligence and of his then and there acting in a careless and reckless manner incompatible with a proper regard for human life, then you should convict defendant of felonious wounding and assess his punishment at imprisonment in the penitentiary for not less than two nor more than five years, or by imprisonment in the city jail for not less than six months, or by both a fine of not less than one hundred dollars and imprisonment in the city jail of not less than three months, or by a fine of not less than one hundred dollars."

The court also instructed on self-defense, the presumption of innocence, reasonable doubt, and the credibility of the witnesses.

I. To reverse the judgment the defendant assigns three grounds of error. It is first insisted that the court should have directed a verdict of acquittal under the evidence. The basis of this contention is that the negro Ladell brought on the difficulty and assaulted the conductor who was in the discharge of his duty, and when the defendant had ejected Ladell from the car and the latter began to throw rocks at the conductor, the conductor had the right to take the pistol from sheriff Hoog and pursue Ladell to recover defendant's cap, and to shoot at Ladell or at any other person who was engaged

in throwing stones at him. As to who was the assailant, and as to whether Ladell or any other person was throwing stones at the defendant before he fired the shot which struck Peters, the testimony is hopelessly conflicting; if that on behalf of the State was believed, no stones were thrown at the conductor before he shot at Ladell. In this state of the evidence it would have been manifestly improper for the court to have taken the case from the jury and directed an acquittal.

II. It is urged that the court committed error in giving the instruction to the jury upon felonious wounding as set forth in the foregoing statement. It is insisted that if the State's witnesses are to be believed, the defendant was guilty of a felonious assault with intent to kill, and if the testimony of the defendant's witnesses is true, the defendant was entirely justified, and therefore there was no testimony upon which to predicate an instruction for felonious wounding. On the other hand, the position of the State is that if the jury believed the State's evidence, the defendant was clearly guilty of discharging a loaded pistol into an unoffending crowd of people on the street, and recklessly wounding Peters who was a mere looker-on; that even though the defendant was guilty of an assault with intent to kill, he is in no position to complain of the instruction and verdict for felonious wounding.

Section 2369, Revised Statutes 1899, provides: "Upon indictment for any offense consisting of different degrees, as prescribed by this law, the jury may find the accused not guilty of the offense charged in the indictment, and may find him guilty of any degree of such offense inferior to that charged in the indictment, or of an attempt to commit such an offense, or any degree thereof; and any person found guilty of murder in the second degree, or of any degree of manslaughter, shall be punished according to the verdict of the jury, although the evidence in the case shows him to be guilty of a higher degree of homicide." And section 2370 pro-

vides: "Upon an indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a less offense."

That there was sufficient evidence to justify a conviction for felonious wounding by the culpable negligence of the defendant in recklessly firing a loaded revolver in a public street, in which a large number of persons had congregated, there can be no doubt whatever; and the indictment in the case not only alleges an assault, but it alleges the wounding of Abraham Peters with a leaden ball out of the pistol so shot off as aforesaid by the defendant. That the offense of maiming, wounding or disfiguring another by the culpable negligence of a defendant is a less offense than an assault on purpose and of malice aforethought with intent to kill, maim or disfigure such person, which is a greater offense than that defined in section 1849, there can be no doubt. An assault on purpose and of malice aforethought with intent to kill, maim or disfigure, under section 1847, is punishable by imprisonment not exceeding ten years, whereas, felonious wounding, under section 1849, is punishable by imprisonment in the penitentiary not exceeding five years, and may be scaled down to a fine of one hundred dollars, as in this case.

We think the court properly instructed on felonious wounding under the indictment and the evidence in the case, and that the defendant has no cause to complain because the evidence in fact tended to show he was guilty of a larger offense, that of an assault with intent to kill under section 1847.

III. There was no error in failing to instruct the jury by the court of its own motion of the right of the defendant to pursue one who had the possession of his cap. No such instruction was requested of the court, nor was the court's attention called to the failure to instruct specially on said subject.

Moreover, the defendant did not testify that he believed that Ladell was trying to steal his cap, or that it

was his reason for shooting at him, and such an instruction would have been wholly foreign to the defendant's own evidence.

We discover no reversible error in the record, and the judgment of the circuit court must be and is affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.