136 111|
141 325|

## THE STATE v. GOFORTH, *Appellant.*

### Division Two, November 20, 1896.

1. **Criminal Practice**: LARCENY: INSTRUCTION: REASONABLE DOUBT. An instruction, on a trial for larceny, that a preponderance of evidence is required to prove the ownership of the property charged to have been stolen by defendant, is cured by a general instruction that defendant must be acquitted unless proved guilty beyond a reasonable doubt.

State v. Goforth.

2. ——: ——: ——: ACCOMPLICE. Where defendant neither excepts to the failure of the court to instruct on the weight to be, given to the evidence of an accomplice, nor asks for an instruction thereon, his right to have the question reviewed on appeal is waived.

3. ——: WITNESS: WILLFUL FALSE TESTIMONY: INSTRUCTION. It is not error to instruct the jury to disregard the testimony of any witness whom they believe to have willfully sworn falsely to any material fact in issue.

4. ——: ——: WIFE OF ONE JOINTLY INDICTED. The wife of a man tried for a crime and acquitted is a competent witness on the trial of another indicted jointly with her husband for the same offense.

5. ——: VERDICT: INSUFFICIENT EVIDENCE: APPEAL. The supreme court will interfere with a verdict, because of insufficient evidence, only in the absence of substantial evidence to sustain it.

*Appeal from Douglas Circuit Court.*—Hon. W. N. Evans, Judge.

Affirmed.

*Asbery Burkhead* for appellant.

(1) One of the issues in the case was the ownership of the steer alleged to have been stolen, and the jury should have been instructed to acquit unless they believed from all the evidence in the case beyond a reasonable doubt that the steer killed by Whitaker and Goforth was the property of S. W. McNall, as alleged in the indictment. *State v. Patrick*, 107 Mo. 147; *State v. McGuire*, 113 Mo. 670; *State v. Nelson*, 118 Mo. 124; *State v. Banks*, 73 Mo. 592; *State v. Branstetter*, 65 Mo. 149. (2) The court should have instructed as to the weight of Sam Whitaker's testimony, he being an accomplice. (3) The court in the third instruction invaded the province of the jury in telling them that they should disregard such false testimony. It is the province of the jury to pass upon the credibility of witnesses and to discard or not dis-

card the testimony, they being the sole judges of the weight of the evidence. *State v. Kotossky*, 11 Mo. App. 584; *State v. Williams*, 12 Mo. App. 591; *State.v. Gee*, 85 Mo. 647; *State v. Kelley*, 73 Mo. 608. There was no evidence to warrant the giving of the instruction. *State v. Palmer*, 88 Mo. 568. (4) The court erred in allowing over defendant's objection, Jemima Whitaker, the wife of Sam Whitaker, who was jointly indicted with defendant in this case, to testify against defendant.

*R. F. Walker*, attorney general, for the state.

(1) The defendant will not be heard to complain, either of the instructions given or those which the court should have given or failed to give for the reason that no exceptions were taken or saved at the time and the first complaint is in the motion for new trial, which is too late. *State v. Jones*, 35 S. W. Rep. (Mo.) 607. (2) It is complained that the court committed reversible error in overruling defendant's objections to the question asked witness Campbell whether or not he had seen a steer running in a certain neighborhood during the summer. The objection was simply irrelevant and incompetent, which is no objection at all. *State v. Moore*, 117 Mo. 495; *State v. Smith*, 114 Mo. 406; *Stone v. Hunt*, 114 Mo. 96. Nor was error committed in permitting the wife of Whitaker to testify. Whitaker was not upon trial and did not complain. He had been tried and acquitted, as the record shows. (3) The testimony is supported by the allegations of the indictment and clearly shows the guilt of the defendant beyond question. There is no such failure of proof in this case as would warrant a reversal of the judgment. *State v. Punshon*, 124 Mo. 448.

BURGESS, J.—Upon an indictment preferred by the grand jury of Douglas county, defendant and one Sam

Whitaker were jointly charged with having feloniously stolen and converted to their own use, at said county, one two year old steer, the property of S. W. McNall.

Whitaker was tried and acquitted of the charge.

Subsequently at the September term, 1895, of the circuit court of said county, defendant was put upon his trial, found guilty of the offense with which he was charged, and his punishment fixed at two years' imprisonment in the penitentiary. The case is in this court on his appeal.

The facts as disclosed by the record are about as follow: During the spring of 1891, S. W. McNall turned upon the range in said county ninety-one head of steers, all dehorned, and branded on the left hip with the letter C. In June following he took fifty head off the range and thereafter when he collected the others for the purpose of taking them off the range also, one steer was missing. About the middle of September, 1891, Whitaker and defendant killed a dehorned or muley steer for beef, and sold part of it, which there was evidence tending to show was the property of McNall and one of the herd of ninety-one which he turned on the range in the spring and never got.

Defendant's first contention is that the ownership of the steer alleged to have been stolen was one of the issues in the case, and that the jury should have been instructed to acquit unless they believed beyond a reasonable doubt from the evidence in the case that it was the property of S. W. McNall, as charged in the indictment.

It must be conceded that this contention is indisputable, and it logically follows that unless that question was submitted to the jury by the instructions the judgment will have to be reversed. It is not necessary, however, that the question should be presented by one

single instruction, and if, taking the instructions all together, the question was fairly submitted, the requirement of the law in that regard was complied with.

By the first instruction only a preponderance of the evidence as to the ownership of the steer by McNall was required, and, without more or additional instructions, clearly erroneous, for his ownership was one of the constituent elements of the offense, and must have been proven to the jury to their satisfaction beyond a reasonable doubt, before they were authorized to convict; but that instruction should be read and considered, as was doubtless done by the jury, in connection with the others, and especially the last one, by which the jury were told that if they entertained a reasonable doubt of defendant's guilt they would acquit, thereby supplying any omission in the first and requiring all facts necessary to constitute defendant's guilt to be proven to the satisfaction of the jury beyond a reasonable doubt.

It is next insisted that the court should have instructed as to the weight to be given to the evidence of Sam Whitaker, he having been an accomplice of defendant. Defendant did not submit any instructions nor did he call the attention of the court to the fact of its failure to instruct upon this question, nor except at the time to its failure to so do, and it can not be raised in this court now. The point must be held to have been waived. *State v. Paxton*, 126 Mo. 500; *State v. Cantlin*, 118 Mo. 100; *State v. Jones*, 134 Mo. 254.

The third instruction is criticised in that it invaded the province of the jury by telling them that if they believed from the evidence that any witness had willfully sworn falsely to any material fact in issue, to disregard such false testimony.

While the jury were the judges of the credibility of the witnesses and the weight to be given to their

testimony, their province in this regard was in no way usurped or infringed upon by this instruction as it was only in the event of their finding that there had been false testimony given by some of the witnesses that they were told to disregard it. While it would have been better had it been left to the discretion of the jury as to whether they would disregard it or not, no such testimony should have been considered by them, as neither an acquittal nor conviction should be induced by false testimony, and reversible error was not committed in telling them to disregard it. The evidence of the defendant who testified as a witness in his own behalf, when considered in connection with the evidence adduced on the part of the state, authorized the instruction, or one on the same subject as herein indicated.

The seventh instruction is subject to verbal criticism, but could not, we think, have prejudiced the rights of defendant. It is not artistically drawn it is true, but we do not feel that we would be justified in reversing the judgment on that ground alone.

Nor do we think the court committed error in permitting the witness Campbell to state, over the objection of defendant, that there was a brown steer running in the neighborhood with Goforth's cattle during that summer. Moreover, the only objections to the question propounded to the witness with respect to that matter were the relevancy and competency of the evidence which has been held by this court to be insufficient. *State v. Moore,* 117 Mo. 395; *State v. Smith,* 114 Mo. 406.

During the trial Jemima Whitaker, wife of Sam Whitaker, defendant's coindictee was, over the objection of defendant, permitted to testify as a witness in behalf of the state, and this is assigned as error. Whitaker had theretofore been tried and acquitted, and

there was no error in permitting his wife to testify under the circumstances.

The questions with respect of the ownership of the steer, and the guilt of the defendant, were for the consideration of the jury under the evidence and instructions, and we are not prepared to say that there was no substantial evidence upon which to predicate the verdict. It is only in case of the absence of substantial evidence to sustain the verdict that this court will interfere.

The indictment being free from substantial objection and finding no reversible error in the record, the judgment is affirmed. All of this division concur.