# THE STATE v. PRESS NICHOLAS AND ARNOLD CATES, Appellants.

### Division Two, July 13, 1909.

1. **LARCENY: Acquitted of Burglary.** If a defendant, upon a trial for burglary and larceny, is acquitted of the burglary, the character of the larceny of which he may be convicted depends upon the value of the property stolen; and if there is any conflict as to whether its value was of the value of thirty dollars or less, the issue as to its value should be submitted to the jury.

2. ———: ———: **Instruction as to Value.** In the only instruction on the value of the property stolen the court instructed the jury that if defendants broke into a ·dwelling-house and

took therefrom personal property "of any value whatever," they could find defendants guilty of both grand larceny and burglary. The jury acquitted defendants of burglary, but found them guilty of grand larceny. There was evidence tending to show that the value of the property stolen was forty dollars, and other evidence that it was worth only ten or twelve dollars. *Held*, that the defendants were not guilty of grand larceny unless the value of the property stolen was less than thirty dollars, and the instruction was error; and as defendants objected and excepted to the action of the court in "not instructing on the different degrees of larceny," the judgment must be reversed.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Ward & Collins* for appellants.

(1) "Whether requested or not the court must instruct the jury in writing upon all questions of law arising in the case, which are necessary for their information in giving their verdict." Laws 1901, p. 140; State v. James and Johnson, 216 Mo. 394.    (2) These defendants could be charged and tried for burglary and larceny in the same count, and may be acquitted of the former and convicted of the latter charge; but in such case the degree of larceny must be determined by the value of the property taken.    State v. Barker, 64 Mo. 282; State v. Owens, 79 Mo. 628; State v. Sprague, 149 Mo. 415; State v. Brown, 73 Mo. 631; State v. Brinkley, 146 Mo. 41; State v. Moore, 117 Mo. 404.    (3) It cannot be contended that this cause ought to be affirmed, because if the larceny was committed at all, it was committed in a dwelling house, and it was therefore grand larceny, regardless of the amount taken.    That position is not tenable, "for if any larceny be committed in a dwelling house  .  .  . and the value of the property taken is $30 or upward, the offender shall be imprisoned in the penitentiary

not exceeding seven years." R. S. 1899, sec. 1900. When the property taken under the circumstances stated in section 1900 is less than $30 in value, the offender may be punished by imprisonment in the penitentiary not exceeding seven years or be imprisoned in the county jail not exceeding three months. R. S. 1899, sec. 1901.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) Complaint is made that the court erred in not instructing on all the law of the case. The case was presented at the trial on two theories: First, by the State, that appellants were guilty of burglary and larceny from the dwelling house, and that the value of the goods was more than thirty dollars. Second, by the defendants, that they were lawfully in possession of the goods, and that no burglary or larceny was committed by either of them. If the evidence on the part of the State is to be believed, the appellants are guilty of burglary and larceny, or larceny to the amount of more than thirty dollars from a dwelling house. If the theory of the appellants is to be believed, they are not guilty of either burglary or larceny. The court fully instructed the jury on these two theories of the case. If, perchance, the jury, through sympathy for appellants, only found them guilty of larceny and gave them the least penalty they could, appellants have no right to now complain that they were not found guilty of burglary also. Appellants should have specifically requested what degree of larceny they wished further instructions on, and then saved an exception to the refusal of the court to give same. State v. Graves, 194 Mo. 452; State v. George, 113 S. W. 1118; State v. Urspruch, 191 Mo. 50; State v. Finley, 193 Mo. 211. (2) The instructions given by the court fully cover the law of the case, and are in proper form.

BURGESS, J.—The defendants were convicted of grand larceny and their punishment assessed at imprisonment in the penitentiary for a term of two years, under an information charging them jointly with having burglarized the dwelling-house of one Kate Jones, and stolen therefrom one trunk and certain household articles, all of the value of fifty dollars.

The testimony discloses that defendant Nicholas lived at Portageville, in New Madrid county, and that defendant Cates, for sometime prior to the date of the alleged offense, had been residing in the State of Tennessee. On the 4th day of December, 1907, the defendants and Fred Nicholas, a younger brother of defendant Nicholas, came to Caruthersville, Pemiscot county, from Tennessee, where they had been at work picking cotton. Kate Jones, the prosecuting witness, was a prostitute, living in a small house or "shack" in a part of the town of Caruthersville called the "Eddy," or "Bad Lands." Near her lived Myrtle Patillo, and, in another house, Bert Holyer and Jennie Holyer, all bearing bad reputations for morality. The defendants, together with Fred Nicholas, visited at the house of the prosecuting witness, Kate Jones, and also at the house of Bert and Jennie Holyer, about six o'clock in the afternoon of the day of the alleged offense, and soon afterwards took their departure. Between six and seven o'clock, that evening, Kate Jones and the Holyer man and woman, after locking the doors of their respective houses, went to a restaurant located in the business section of Caruthersville, and had supper, and they remained up town for an hour or an hour and a half, the prosecuting witness doing some trading at the stores. On their return, they came upon the defendants who were carrying a trunk between them along the railroad track. The defendants, as soon as they saw Kate Jones and her companions, dropped the trunk, and defendant Nicholas

ran away, but Cates, who appeared to be drunk, was
caught and held by Bert Holyer. Kate Jones went
for the city marshal, who soon arrived upon the scene
and placed Cates under arrest, and soon afterwards
succeeded in arresting defendant Nicholas, whom he
found up town. On the person of Cates were found a
number of small articles, such as hair and tooth
brushes, combs, soaps, towels and pillow slips, and
other like articles were found in the possession of
defendant Nicholas, the same having been taken from
the house of the prosecuting witness. The back door
of the house occupied by Kate Jones was found brok-
en, and the drawers of a bureau in one of the rooms
open and rifled of their contents. In the trunk, which
was the property of the prosecuting witness, were
found a blue dress skirt, two underskirts, three or
four night gowns, a woman's hat, and other wearing
apparel, all belonging to Kate Jones; also some shirt
waists which belonged to and were taken from the
home of the Holyer woman. The testimony showed
that Myrtle Patillo, whose house was near that of
the prosecuting witness, left her home on the after-
noon of the day of the burglary, and upon her re-
turn that night she found the door of her house
broken. It was also discovered that the lock on one
of the doors of the Holyer house had been broken, and
the house entered. To a question propounded to the
prosecuting witness as to the value of the property
taken from her house by the defendants, she answered,
"I guess about forty dollars, all of it."

The defendants, testifying in their own behalf,
admitted that they took the trunk and other articles
from the house of the prosecuting witness, but stated
that they did so at her request and the request of the
Holyer woman, and that they were taking said articles
to the railroad depot at the time they were intercept-
ed; that Kate Jones wanted to leave town that night
to escape prosecution for keeping a house of ill-fame,

and that Jennie Holyer wanted to leave her husband, Bert Holyer, because he beat her, and she was afraid of him.    They denied having broken into the house of the prosecuting witness.    This testimony on the part of the defendants was corroborated by Fred Nicholas, the young brother of Press Nicholas, and who was with the defendants at the time they were discovered carrying away the trunk.

There was testimony by one of the defendants that the value of the trunk and property charged to have been stolen was of the sum of ten or fifteen dollars.

This sufficiently indicates the testimony.    At the close of the testimony the court instructed the jury upon the offenses as charged in the information, that is, burglary and larceny.    Appropriate instructions were given upon the question of recent possession and reasonable doubt.    The cause being submitted to the jury upon the instructions and evidence, they returned their verdict finding the defendants guilty of grand larceny, assessing their punishment at imprisonment in the penitentiary for a term of two years, and they further returned a verdict finding the defendants not guilty of burglary.

Timely motions for new trial and in arrest of judgment were filed and by the court taken up and overruled.    Sentence and judgment was entered in accordance with the verdict returned and from that judgment they prosecute this appeal.

I.    This record presents for our consideration but one legal proposition, that is, did the trial court, upon the evidence as introduced in this cause, fail to fully instruct the jury upon the offense of larceny of which the defendants were convicted?    The record discloses that there was testimony on the part of the State tending to show that the value of the property stolen was more than thirty dollars.    There was also testimony

on the part of the defendants tending to show that the property stolen was of the value of ten or fifteen dollars.

The offense charged in the information and upon which the defendants were tried, was that of burglary and larceny. It is well settled by the uniform decisions of this court that if a defendant in the commission of a burglary also commits a larceny it is immaterial what was the value of the property, and if convicted of both burglary and larceny punishment for the larceny is in addition to the punishment for the burglary by imprisonment in the penitentiary. On the other hand it is equally well settled that if a defendant, upon trial for burglary and larceny, is acquitted of the burglary and convicted of the larceny, the character of larceny of which he may be convicted depends entirely upon the value of the property stolen, and if there is any conflict whatever in the testimony as to the value of the property, that is to say, whether it was of the value of thirty dollars or more, or less than thirty dollars, that question should be submitted to the jury by appropriate instructions.

The only instruction given by the court in this cause upon the question of larceny and the punishment to be assessed for that offense, was instruction numbered 2, which was as follows:

"If you believe and find from the evidence that the defendants, Press Nicholas and Arnold Cates, broke and entered the dwelling-house of said Kate Jones as defined and explained in the preceding instruction, and that breaking into and entering the same the defendants took and carried away therefrom the personal property mentioned in the information in this case or any part of it, and that they did so with the intent to fraudulently convert the same to their own use and to permanently deprive the owner thereof without the consent and without any honest claim of right thereto, and that said personal property

was the property of the said Kate Jones, and was of any value whatever, you will find the defendants guilty of grand larceny also, and assess their punishment at imprisonment in the penitentiary, in addition to the punishment for the burglary, for a term of not less than two nor more than five years."

The record discloses that after the court had instructed the jury, the defendants, by their counsel, interposed the following objection: "Comes now the defendants and object to all of the instructions in this case by the court and except to the same, and especially except to the court in not instructing on all the law in the case and not instructing on the different degrees of larceny."

This was a sufficient calling of the attention of the trial court to its failure to embrace in the instructions, in the event the jury should find the defendants not guilty of burglary, the subject of larceny from a dwelling-house. In this case the jury found the defendants not guilty of burglary; hence it follows that if guilty of larceny, they were guilty of larceny committed in a dwelling-house. This being true, the punishment which the jury were authorized to assess depended upon the value of the property stolen.

Under the provisions of section 1900, Revised Statutes 1899, for stealing property from a dwelling-house, of the value of thirty dollars or more, the offender is punishable by imprisonment in the penitentiary for a term not less than two nor more than seven years. On the other hand, if the property stolen is of a value less than thirty dollars, the offender may be punished by imprisonment in the penitentiary not less than two nor more than seven years, or by imprisonment in the county jail not exceeding three months. [R. S. 1899, sec. 1901.]

The record disclosing testimony both ways, that the property stolen was of a value more than thirty and less than thirty dollars, and it appearing from

the evidence that this was a larceny committed in a dwelling-house, it was clearly the duty of the court to have covered this offense by its instructions, designating the punishment they were authorized to assess, taking into consideration their finding of the value of the property stolen.

In State v. Brinkley, 146 Mo. 37, the defendant was charged with burglary and larceny, and this court in treating of what should have been the proper directions to the jury, said: "If acquitted of burglary and found guilty of larceny, the larceny would be grand or petit, according to the value of the property stolen. [State v. Barker, 64 Mo. 282.] The jury were properly informed as to what their verdict should be if they found the defendant guilty of burglary, and if they found him guilty of both burglary and larceny, but they should have been further told that they could acquit of burglary and find defendant guilty of larceny; in which event the larceny would be petit larceny only, under this indictment."

While the trial court, by instruction numbered 3, told the jury that under the information, evidence and instructions in the cause, they might find the defendants or either of them guilty of both offenses, or might acquit them of both offenses, or they might convict them of the burglary and acquit them of the larceny, or convict them of the larceny and acquit them of the burglary, according as they might find the facts to be from the evidence, yet it will be observed that the only instruction given in the cause concerning larceny was that of grand larceny, and the only punishment authorized by the directions of the court was that of imprisonment in the penitentiary not less than two years; hence it follows that the court failed to instruct the jury concerning larceny from a dwelling-house and submitting to them the issue of the value of the

property as well as the nature and character of the punishment which the jury under the law was authorized to assess. This failure, in our opinion, was manifestly erroneous.

The learned Attorney-General insists that the defendants are not in a position to complain, for the reason that no instructions were requested concerning the character or degree of larceny, and cites in support of that insistence State v. Groves, 194 Mo. 452; State v. Urspruch, 191 Mo. 43; and State v. Finley, 193 Mo. l. c. 211. It is sufficient to say upon that proposition that an examination of those cases will clearly demonstrate that it is not absolutely essential that an instruction should be requested, but if it is sufficiently indicated to the court that it has failed to cover other subjects involved in the issues presented to the jury, that is all that is required. But aside from all this, it was plainly the duty of the court, by its instructions, to require the jury to find all of the essential elements of an offense embraced within the charge, and designate to them the nature and character of the punishment they were authorized to assess.

With these views the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

*Gantt, P. J.,* and *Fox, J.,* concur.