# THE STATE v. ANDREW LACKEY, Appellant.

### Division Two, November 29, 1910.

1. **DEMURRER TO EVIDENCE: Subsequent Testimony: Assigned in Motion for New Trial.** Defendant cannot complain that his demurrer, offered at the end of the State's case, was overruled, if thereafter he offered evidence in his defense. But though at the close of the whole case he did not renew his demurrer, yet if one ground of his motion for a new trial is that the verdict is against the evidence, the sufficiency of the evidence to support the verdict will be considered on appeal.

2. **BURGLARY AND LARCENY: Ownership of Goods Stolen.** The ownership of the goods stolen is not an essential element of burglary, but it is of larceny; and where defendant was indicted for both offenses, and convicted of both, and no ownership of the goods is shown in the person to whom the indictment alleged they belonged, the judgment will be affirmed as to the burglary, and if reversed at all will be reversed only as to the larceny.

3. ——: ——: **Character of Possession: Variance.** The ownership necessary to support a charge of larceny may be either general or special, and the possession of such owner may be actual or constructive. If the property stolen is in the actual possession of a person other than the general owner, the latter has a constructive possession, and the ownership in such case may be properly alleged and proven, either in the special owner having the actual possession, or in the general owner having a constructive possession. For instance, where a suit of clothes was bought by a merchant for his clerk, and while it was in transit was stolen from the express company, the ownership was in the carrier as special owner having the actual possession, and in the merchant as general owner having the constructive possession; and had the information charged ownership in either, the proof would have supported the charge and there would have been no variance. But since the information charges the ownership in the clerk, and the evidence shows a shipment to the merchant as consignee and no payment by either, there is a variance.

4. ——: ——: **Variance: Immaterial and Harmless.** But, while there was a variance (where the information charged the ownership of the suit of clothes in the clerk and the proof shows the goods were ordered by a merchant for the clerk and sent to the merchant as consignee, and before either had

paid for them they were stolen by defendant from the express company while in transit), such variance is not material to the merits of the case and is not prejudicial to the rights of defendant, for the merits of the case in nowise depended on whether the express company, the merchant or the clerk was the owner, and under sec. 5114, R. S. 1909, the judgment will not be reversed because of variance between allegation and proof.

5. **INSTRUCTIONS: No Exception in Motion.** If no exception was preserved in the motion for a new trial to the action of the court in giving instructions, no objection to the instructions given on behalf of the State can be considered on appeal.

6. ———: **On All Law of Case: More Than One Offense: How Saved.** It is the duty of the court to instruct on all questions of law necessary for the information of the jury, whether requested so to do or not; and, while it is a rule of practice that, if defendant excepted generally to the failure of the court to instruct on all the law of the case and did not intimate or suggest the question of law upon which he desired further instructions, he cannot be heard to complain on appeal, that rule should not, in the face of the statute, be construed as meaning that the failure to instruct upon an essential element of the offense, and to designate clearly the extent of punishment the jury are authorized to assess, and, if under the charge and evidence they might find defendant guilty of more than one offense, to indicate to them clearly that they may convict him of both or either or acquit him of both or either, would not be reversible error and unless the jury are so instructed on essential matters, it is reversible error, whether or not defendant called the court's attention to the specific essential matters on which he desired instructions.

7. ———: ———: ———: **Burglary and Larceny: May Convict or Acquit of Both: No Alternative: Error How Saved.** Defendant was indicted for burglary and larceny, for breaking into an express office and stealing a suit of clothes, and the court instructed the jury that "under the evidence in this case you may find the defendant guilty of both offenses, or you may acquit him of both offenses, according as you may find the facts to be from the evidence," and no instruction authorized the jury to convict the defendant of one offense and acquit of the other, and they convicted him of both. *Held*, that he was entitled to an instruction upon each of the two offenses as fully as he would have been had he been tried separately for each, and the instruction is reversible error, for it requires the jury to convict him of both or acquit him of both; and while defendant did not in his motion save any exception to the instructions given for the State, he preserved his right to insist upon this error by requesting the court, before the

instructions were given to the jury, "to instruct the jury fully upon all the points of law in this case," and by excepting, after the instructions were given, to the action of the court in not instructing fully on all questions of law in the case.

Appeal from St. Clair Circuit Court.—*Hon. Chas. A. Denton*, Judge.

REVERSED AND REMANDED.

*Ralph P. Johnson* and *Theodore O. Williams* for appellant.

(1) It is necessary to allege and prove the ownership of the house alleged to have been burglarized and the ownership of the chattels alleged to have been stolen, at the time of the theft. State v. Jones, 168 Mo. 398; State v. Kelley, 206 Mo. 685; State v. James, 194 Mo. 268; State v. Horned, 178 Mo. 59; State v. Pollock, 105 Mo. App. 277; State v. James, 133 Mo. App. 300. (2) The court must instruct on all questions of law arising in a criminal case. R. S. 1899, sec. 2627; State v. Palmberg, 88 Mo. 573; State v. Cantlin, 118 Mo. 100; State v. Weakley, 178 Mo. 423; State v. Urspruch, 191 Mo. 43. (3) The request for instructions and exceptions saved by defendant are sufficient. State v. Weakley, 178 Mo. 423; State v. Urspruch, 191 Mo. 43; State v. Nicholas, 222 Mo. 434.

*Elliott W. Major*, Attorney-General, and *John M. Atkinson*, Assistant Attorney-General, for the State.

(1) The State proved the ownership of the suit of clothes as charged in the information to be the property of one Roe Callon. All the evidence is positive and direct that the suit of clothes was the proprety of said Callon. The suit of clothes and the box were all positively identified by witnesses as the suit sold and shipped Callon. By instruction 1, the jury was required to find from the proof that the suit of

clothes was the personal property of said Callon. By finding appellant guilty, the jury evidently found that Callon was the owner of the suit of clothes. The credibility of the witnesses and the weight of their testimony are questions for the jury to determine, and where there is substantial evidence to support the jury's verdict, the appellate court will not interfere. State v. Peebles, 178 Mo. 475. (2) Appellant should have specifically requested the court to instruct the jury that they could find defendant guilty of either offense or both or acquit him of either or both, and have saved an exception to the refusal of the court to so instruct. In the transcript is the following request for instructions: "The defendant requests the court to instruct the jury fully on all the points of law in this case." The exceptions saved to the refusal of the court to instruct on all the law of the case are as follows: "To the giving of which said instructions, by the court, the defendant then and there excepted, and now excepts, as these instructions do not fully set out and instruct the jury on all the law in the case." Thus, it appears that no specific request was given for an instruction on the point as appellant now makes complaint. State v. Espenschied, 212 Mo. 222; State v. West, 202 Mo. 137; State v. McCarver, 194 Mo. 742; State v. Groves, 194 Mo. 458; State v. Bond, 191 Mo. 563. (3) In his bill of exceptions appellant did not assign as error the giving of the State's instructions, but simply said that "the defendant then and there excepted, and now excepts as these instructions do not fully set out and instruct the jury on all the law of the case." This amounted only to a general exception for failure to instruct on all the law of the case and is not an exception to the instructions given. State v. Espenschied, 212 Mo. 222.

KENNISH, J.—Andrew Lackey, the appellant herein, was prosecuted by information in the circuit

court of St. Clair county for burglarizing the depot of the St. Louis & San Francisco Railroad Company, located at the town of Osceola, in said county, and for having stolen therefrom one suit of clothes, the personal property of one Roe Callon, of the value of $12.50. He was thereafter tried and by a jury found guilty of burglary in the second degree and his punishment assessed at three years in the penitentiary, and also found guilty of larceny, as charged, and his punishment assessed at two years in the penitentiary. After timely motions for a new trial and in arrest were filed and by the court overruled, appellant brings his cause to this court by appeal, and assigns error.

The evidence for the State tended to prove that the Sims-Burks Clothing Company is located at Springfield, this State, and is engaged in the wholesale of ready-made clothing. Sometime in the month of July, 1908, J. J. Jones, a traveling salesman for said company, called on a merchant by the name of J. H. Foster, who was engaged in business at Monegaw Springs, near Osceola, for the purpose of selling him a bill of clothing.

As appellant challenges the sufficiency of the evidence to prove the ownership of the property alleged to have been stolen, and as charged in the information, it is important to set out the evidence offered by the State upon that issue.

Roe Callon, the alleged owner of the suit of clothes was not a witness at the trial, neither was Foster, his employer, and the only evidence in the record to prove ownership in Callon is that given by Jones, the salesman, and is as follows:

"I called on Mr. J. H. Foster of Monegaw Springs, I think it was July 23d of last year, and of course, to sell a bill of clothing; that is the first time I ever met Mr. Roe Callon; he was clerking for him. . . . Mr. Foster said he didn't have room at that time to put in clothing, but that later he expected to buy some

clothing from us; and said he would like for me to sell his clerk a suit; that he had been talking of wanting to go to Clinton; and that he hated to spare him; and I said certainly, I will do so; and I took him down to the hotel, and he and his mother selected a suit, 6569 the number, and I took his measurement, and tried on the coat—I didn't carry anything of the suit except the coat—and told him a 35 coat and vest would fit him nicely; I tried one of them on, and his mother decided with me; then I took his waist measure for the pants, which was 32 in the length of the leg, taking, as we clothing men do, the crotch measure, which would be 33; and, of course, I sent him the order, which was to be shipped, you know, to Mr. Foster, who said he would send a check immediately on receipt of the goods. Q. At what price did you sell Callon this suit of clothes? A. $12.50. That is just what I sell the others that I sell—that is the wholesale price.''

The clothes were shipped by express to J. H. Foster, Monegaw Springs, being billed ''collect,'' and it was explained that the word ''collect'' as used in the billing, meant that the consignee, Foster, should pay the express charges on the delivery of the goods, but was not required to pay to the carrier the purchase price. No evidence was introduced as to the terms of the bill of lading or contract between the clothing company and the express company on which the shipment was made, except concerning the express charges, as already stated.

The evidence tended to prove that on the night of August 1, 1908, while the goods were in transit from Springfield to Monegaw Springs and in possession of the express company, stored in the depot of the railroad company at Osceola, the depot was burglarized by the breaking of a pane of glass in the window and through the opening thus made the suit of clothes was stolen. Shortly thereafter the defendant was seen wearing the suit of clothes, which was fully iden-

tified as the suit shipped by the clothing company and stolen from the depot at Osceola.

The defendant was a witness in his own behalf and sought to explain his possession of the property thus shown to have been recently stolen, by testifying that he bought the clothes from a peddler about the date of the burglary and larceny charged in the information. There was evidence tending to corroborate the defendant, and also evidence introduced by the State in rebuttal tending to show that the defendant had made contradictory statements as to the manner in which he acquired the suit.

I. Error is assigned in the refusal of the court to give an instruction in the nature of a demurrer to the evidence at the close of the evidence for the State.

After the court had refused this instruction the defendant offered evidence in support of his defense, and therefore is not now in a position to have the ruling of the court upon the instruction asked reviewed on this appeal. The rule, alike in criminal and civil cases upon this subject, is that when the defendant, after an unsuccessful demurrer to the plaintiff's evidence, introduces evidence in support of his defense, he thereby waives his rights under the demurrer. [State v. Meagher, 49 Mo. App. 571; State v. Martin, *ante,* p. 680.]

The demurrer to the evidence was not renewed at the close of all the evidence in the case; however, one ground of the motion for a new trial is that the verdict is against the evidence, and the question is thus fairly raised as to the sufficiency of the evidence to support the verdict, upon the entire record.

Counsel for appellant earnestly argues that there is no evidence in the record to prove ownership in Roe Callon of the property alleged to have been stolen, at the time of the burglary and larceny charged in the information, and he urges that point as entitling ap-

pellant to a reversal of the judgment and a new trial.

The ownership of the goods within the building alleged to have been broken into is not an essential element of the offense of burglary. [R. S. 1909, sec. 4520; State v. Tyrrell, 98 Mo. 354; State v. Goehler, 193 Mo. 177; State v. Hutchinson, 111 Mo. 257.]

Although by statute burglary and larceny may both be charged in the same indictment or information, either in the same count or in different counts, they are, nevertheless, regarded as separate offenses and should be treated as such when so charged. [State v. Hutchinson, 111 Mo. 257; State v. Hecox, 83 Mo. 537; State v. Owens, 79 Mo. 620.]

From the principles of law announced in the foregoing authorities it follows that if the correctness of appellant's contention as to the failure to prove ownership as charged be conceded, the record being otherwise free from error, the only effect would be to require a reversal of the judgment for the larceny and an affirmance of the judgment for the burglary. This necessarily results because while ownership is an essential element in a charge of larceny, it is not in a charge of burglary. [State v. Kelsoe, 76 Mo. 505; State v. Alexander, 56 Mo. 131.]

It is settled law that the ownership of the property stolen is an essential element in a charge of larceny and must be properly alleged in the indictment or information if the name of the owner is known, and proved by sufficient evidence, or the conviction cannot be sustained. [State v. Nelson, 101 Mo. 477; State v. Lawler, 130 Mo. 367; State v. Goforth, 136 Mo. 111; 25 Cyc. 125; 2 Bishop's New Crim. Law, sec. 2788; 3 Greenleaf on Ev. (16 Ed.), sec. 161.]

In Greenleaf on Evidence, supra, the law as to the proof of ownership is stated as follows: "As every larceny includes a trespass, which involves a violation of another's possession, it is essential for the prose-

State v. Lackey.

cutor to prove that the goods were the *property of the person named as the owner,* and were taken from his *possession.* The property may be either general or special, and the possession may be actual or constructive; proof of either of these being sufficient to support this part of the indictment. For the general ownership of goods draws after it the legal possession, though they were in the actual custody of a servant or agent; and the lawful possession, with a qualified property as bailee or agent, is sufficient proof of ownership, against a wrong-doer. But it must appear that the goods were *stolen* from the prosecutor; and if he, being a witness, cannot swear to the loss of the articles alleged to have been stolen from him, the prisoner must be acquitted."

As stated in the preceding excerpt from Greenleaf, the ownership necessary to support a charge of larceny may be either general or special and the possession of such owner may be actual or constructive. If the property stolen is in the actual possession of a person other than the general owner the latter has a constructive possession, and the ownership in such case may be properly alleged and proven either in the special owner, having the actual possession, or in the general owner having a constructive possession by reason of such ownership.

Bearing the foregoing principles of the law of larceny in mind let us examine the facts of the case at bar in order to determine whether or not the evidence at the trial supported the allegation in the information as to the ownership of the clothes as laid. For some reason which does not appear, neither Roe Callon, the alleged owner of the suit of clothes, nor Foster, to whom the clothes were shipped, appeared as a witness in the case and the only evidence upon that issue is that of the salesman of the clothing company. He testified that he called upon the merchant, Foster, to sell him a bill of clothing; that Foster was not ready then

to buy, but expected to make a purchase from that company later and requested the salesman to sell his clerk a suit of clothes; that the clerk's measurements were taken; the goods selected and the price agreed upon, which was the wholesale price. In accordance with the agreement and arrangement thus made the suit was to be forwarded by express to Foster, and the latter, immediately upon receipt of the goods, was to pay the express charges and send a check to the clothing house for the purchase price. While the suit was in course of shipment and in the possession of the express company in the depot at Osceola the alleged larceny was committed. From the facts in evidence and the law applicable thereto it is clear that ownership could properly have been laid in the information in the carrier as special owner and in actual possession of the goods stolen. And as delivery of the goods by the vendor to the carrier is a delivery to the consignee, unless the contract of shipment provides to the contrary, the possession of the carrier vested a constructive possession in Foster, the consignee, and therefore the ownership of the goods alleged to have been stolen could have been properly laid in him. The transaction as to the sale, delivery of and payment for the clothes seems to have been between the clothing company and Foster, and while the suit of clothes was ordered for Callon, we are unable to see any evidence in the record showing ownership or possession in Callon sufficient to sustain the averment of ownership in the information. It follows that there was a variance between the information and the evidence as to the fact of ownership.

It remains to be considered whether such variance was material to the merits of the case and prejudicial to the rights of defendant, for if not the judgment cannot be reversed upon that ground.

Section 5114, Revised Statutes 1909, is as follows: "Whenever on the trial of any felony or misdemeanor, there shall appear to be any variance between the

statement in the indictment or information and the evidence offered in proof thereof, in the Christian name or surname, or both Christian and surname, or other description whatsoever, or any person whomsoever therein named or described, or in the name or description of any matter or thing whatsoever therein named or described, or in the ownership of any property named or described therein, such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant.''

In the case of State v. Nelson, 101 Mo. 477, a case of burglary and larceny, ownership of the stolen property was alleged in Elizabeth F. Vanduzer, while upon the trial it was shown by the evidence that Gertrude Vanduzer, a daughter, who lived with her mother, and who was over the age of 18 years, was in fact the owner, and that the mother had no interest whatever in the jewelry alleged to have been stolen. Discussing the facts in that case and the above statute as applicable thereto, this court (page 482) said: ''When we look at the circumstances disclosed by the evidence, it is very clear that the variance could not, and did not, in the least prejudice the defendant's defense. The merits of the case in nowise depended upon the question whether the husband or the wife was the owner of the house burglarized; nor upon the question whether the mother or daughter was the owner of the jewelry.''

The facts of the case now before us do not differ materially from the Nelson case so far as the question of variance is concerned. What was said in that case as to the defendant not being prejudiced by reason of the variance is equally applicable to this case, and as the trial court did not find the variance material to the merits and prejudicial to the defense, under the authority of the Nelson case we must hold that

the appellant is not entitled to a reversal of the judgment for the larceny upon that ground.

II.   Error is assigned in the giving of instructions on behalf of the State over the objections of the defendant, but as no exception was preserved in the motion for a new trial to the action of the the court in giving instructions, that question cannot now be reviewed in this court. [State v. Crites, 215 Mo. 91; State v. Espenschied, 212 Mo. l. c. 222; State v. Long, 209 Mo. l. c. 384.]

III.   Before the instructions were given to the jury the defendant requested the court "to instruct the jury fully upon all the points of law in this case," and again after the instructions were given excepted to the action of the court in not instructing fully on all questions of law in this case.  He did not indicate to the court any other question upon which he desired an additional instruction or instructions.  Appellant now contends that the court erred in not instructing the jury upon all questions of law necessary for the information of the jury.

The jury was instructed by the court in instruction number 1 that "under the evidence in this case you may find the defendant guilty of both offenses, or you may acquit him of both offenses, according as you may find the facts to be from the evidence."  No instruction was given authorizing the jury to convict of one offense and acquit of the other, and the jury was thus left no alternative but to convict the defendant of both offenses charged, or to acquit him of both.

The defendant was clearly entitled under the law to instructions upon each of the two offenses charged as fully as though he had been tried separately for each felony.  He had the right to have the jury pass upon his guilt or innocence of each offense and to acquit him of either, unless he was found guilty beyond

a reasonable doubt. This was not only his undoubted right, but it was the prerogative of the jury, regardless of whether the evidence in support of one charge was equally strong in support of the other, and regardless of how unreasonable and illogical it might appear to convict of one and acquit of the other. Neither was this a mere abstract or theoretical right which could not in any event have affected the result of the trial. For as every practitioner well knows from experience it is a common occurrence, when a defendant is put upon his trial on more than one charge in the same indictment, for the jury to convict of one and acquit of the others, notwithstanding the fact that the same character of evidence and of equal probative force may have been introduced in support of all.

In the case of State v. Hutchinson, 111 Mo. 257, this court, discussing the question now under consideration (page 264), said: "It is made the duty of the court to instruct the jury on all questions of law arising in the case whether asked or not. [State v. Palmer, 88 Mo. 571.] It was clearly the duty of the court to instruct the jury upon the law of both larceny and burglary. The court did instruct the jury as to what their verdict should be in case they found defendant guilty of burglary alone, and what it should be should they find him guilty of both burglary and larceny, but wholly omitted to inform them that they might acquit of burglary, and convict of larceny, and what their verdict should be in case he should be found guilty of larceny alone. In this omission the court committed reversible error. [State v. Hecox, 83 Mo. 537, and cases cited.]"

It is ably argued by the learned Attorney-General that as the appellant excepted generally to the failure of the court to instruct on all the law of the case but did not intimate or suggest to the court the question of law upon which he desired further instructions, he cannot now be heard to complain, and the following

cases are cited in support of this contention: State v. West, 202 Mo. l.. c. 137; State v. McCarver, 194 Mo. l. c. 742; State v. Groves, 194 Mo. l. c. 458; State v. Bond, 191 Mo. l. c. 563.

It is the recognized law of this State that upon certain questions arising in a criminal case, which have been denominated "collateral questions" (State v. Mc-Namara, 100 Mo. l. c. 107; State v. Brooks, 92 Mo. 587), the failure of the court to instruct the jury thereon will not amount to prejudicial error, unless an instruction was requested by the defendant upon the subject. However, the cases cited and the statute making it the duty of the court to instruct on all questions of law necessary for the information of the jury, whether requested or not, should not be construed as meaning that the failure of the court to instruct upon an essential element of the offense or to give any instructions whatever, would not be reversible error in the absence of a showing that the defendant had expressly called the attention of the court to the specific questions upon which instructions were desired.

In the recent case of State v. Nicholas, 222 Mo. 425, it was insisted by the Attorney-General that the defendant was not in a position on appeal to complain of the failure of the court to instruct, for the reason that he had not asked an instruction upon the question referred to. Answering that contention, Burgess, J., speaking for this court, said: "But aside from all this, it was plainly the duty of the court, by its instructions, to require the jury to find all of the essential elements of an offense embraced within the charge, and designate to them the nature and character of the punishment they were authorized to assess."

It was of vital importance to the defendant upon his trial for the two felonies charged against him that the jury should have been authorized by a proper instruction to convict or acquit the defendant of either offense, according as they should find and believe from

State v. Lackey.

the facts and circumstances in evidence. The defendant requested the court at the time to instruct the jury upon all questions of law in the case, excepted for the failure of the court so to do, and properly saved his exceptions in the motion for a new trial. Because of the failure of the court to give such an instruction, the judgment is reversed and the cause remanded.

*Gantt, P. J.,* and *Burgess, J.,* concur.