THE STATE v. CHARLES ENOCHS, Appellant.—98 S. W. (2d) 685.

Division Two, November 17, 1936.

954

*Sam Modica* and *Anthony J. Miceli* for appellant.

*Roy McKittrick*, Attorney General, and *William Orr Sawyers*, Assistant Attorney General, for respondent.

ELLISON, J.—The appellant was convicted of grand larceny in the Circuit Court of Clay County on change of venue from Carroll County and his punishment assessed by the jury at imprisonment in the penitentiary for a term of two years. He has filed a brief in which the errors assigned are: that there was no substantial evidence to support the verdict; that the court failed to instruct on petit larceny; and also failed to instruct on alibi.

The evidence, briefly, was as follows. The gasoline filling station of Edgar F. Schmidt at Carrollton, Missouri, was broken into during the night of November 26, 1933. When called by the sheriff about four-thirty or five o'clock A. M., Mr. Schmidt found certain of his personal property had been taken therefrom. The articles of property so taken, their value as alleged in the information, and the wholesale price, the retail price, and the value thereof as testified to by Mr. Schmidt, were as follows:

| | Value alleged in information | Wholesale price | Retail price | Value testified to by owner |
|---|---|---|---|---|
| 9½ gallons Prestone | $28.00 | $22 or $23 | $28.50 | $28.50 |
| 10 pound can of Polarine cup grease | 2.50 | 1.75 | 2.25 | 1.75 |
| 1 wrecking bar | .75 | .......... | ........ | about .50 |
| | $31.25 | | | $30.75 |

About four o'clock A. M. the same night, Joe Brock and Roy Holt, police officers of Excelsior Springs, Missouri, saw the appellant and one Carl Scott driving out of a blind alley near the post office in that city, in a Chevrolet coupe. The officers stopped the two men and questioned them. · In the automobile were found some cartons of cigarettes, boxes of cigars, a spark jumper used to start and operate a locked automobile without the ignition key, a small radio, and the aforesaid cans of Prestone, Polarine cup grease and wrecking bar belonging to the prosecuting witness Schmidt. On one or both of the cases containing the cans of Prestone was a shipping tag marked "Edgar Schmidt, Carrollton, Missouri." The appellant told the officers he had been to his home in Moberly, Missouri, and had got his cargo there. The inference from the testimony is that the police officers, taking the cue from the shipping tag on the Prestone cases, called the sheriff at Carrollton, who thereupon inspected Schmidt's filling station and concluded a burglary had been committed. The appellant and Scott were taken back to Carrollton where the appellant later told the sheriff that on the night in question he was in Moberly visiting his aunt.

· The defendant did not testify in his own behalf, nor did Scott who was apprehended with him. But he produced two alibi witnesses, Albert Gibbs and Marie Grantello, who swore that on the night of the burglary they were in Richmond, Missouri, at a soft drink parlor, and that the appellant was there from about eleven o'clock until two o'clock in the morning when they left. Shortly before their departure Scott borrowed from the appellant the keys to his automobile and went out, stating he had a date somewhere. We take judicial notice of the fact that Richmond is thirty miles west of Carrollton where the burglary occurred and that Excelsior Springs is seventeen miles west of Richmond, or forty-seven miles from Carrollton, all these towns being on State Highway No. 10.

The court gave an Instruction, No. 5, on burglary, and an instruction, No. 6, on grand larceny, which told the jury that if they found the appellant burglariously broke into the filling station with the intent to steal the goods, chattels and valuable things kept therein, belonging to Schmidt; and that after so breaking and entering the filling station the appellant did feloniously steal, take and carry away with the intent to convert the same to his own use, the Polarine, Prestone and wrecking bar aforesaid, of the aggregate value of $31, or of any value whatever, then they should find the defendant guilty of grand larceny and assess his punishment at imprisonment in the penitentiary for a term of not less than two nor more than five years in addition to the punishment if any, for the burglary.

It will be observed this instruction required the jury to find the larceny was committed in connection with a burglary, and authorized

a conviction if the property taken was of any value. No instruction on petit larceny was given, and no instruction on grand larceny requiring the jury to find the value of the property stolen was $30 or more. The jury acquitted the appellant of the burglary, but found him guilty of grand larceny.

I. Appellant contends there was no substantial evidence to support the verdict. Cases are cited which hold that when a conviction for a felony rests wholly on circumstantial evidence, the circumstances proven must be consistent with each other and with the hypothesis of guilt, and inconsistent with any rational hypothesis of innocence. In particular the appellant relies on State v. Dilley, 336 Mo. 75, 76 S. W. (2d) 1085, where, as here, the defendant and another man were found in possession of stolen property not long after the larceny, and there was no direct evidence that the defendant stole the property or that he was at or near the scene of the crime about the time it was committed. In the Dilley case we held the circumstances were equally consistent with the theory that the defendant was merely helping the actual thief to dispose of the property.

But we cannot take that view in this case. The State's evidence here is stronger than in the Dilley case. The property taken may have been stolen any time the night of the larceny after Schmidt closed his filling station about nine-thirty P. M. The appellant's alibi witnesses testified he was in Richmond between about ten-thirty or eleven o'clock P. M. and one-thirty or two o'clock A. M. The jury did not have to believe these witnesses, but granting their story was true we cannot say as a matter of law he might not have been in Richmond at the time fixed by them and still have committed the larceny at the filling station in Carrollton after it was closed. The evidence is clear that he was found with the stolen property in his possession before the night was over.

Neither is there anything in this case to indicate the appellant was merely riding with or helping the real thief. The inference is that the automobile in which he and Scott were riding belonged to appellant; for the alibi witnesses testified Scott borrowed appellant's automobile that night. Furthermore, the appellant took the lead in the conversation when the officers apprehended him and Scott, and said they had come from his home at Moberly where they had got the property they were transporting. This statement was false and therefore incriminating for if the *facts* were consistent with appellant's innocence he need not have lied about them. The law is well established that the recent unexplained possession of stolen property warrants an inference that the possessor was the thief. [State v. Conway, 241 Mo. 278, 145 S. W. 441, 443; State v. Swarens, 294 Mo. 139, 241 S. W. 934; State v. Slusher, 301 Mo. 285, 291, 256 S. W. 817, 818;

State v. Wagner, 311 Mo. 391, 403, 279 S. W. 23, 26; State v. Lipschitz (Mo. Div. 2), 6 S. W. (2d) 900, 901; State v. Bryant (Mo. Div. 2), 24 S. W. (2d) 1008, 1010; State v. Deckard (Mo. Div, 2), 37 S. W. (2d) 414, 416; State v. Plaster (Mo. Div. 2), 43 S. W. (2d) 1042, 1043; State v. Weaver (Mo. Div. 2), 56 S. W. (2d) 25, 26.]

II. Appellant's second assignment is that the court erred in failing to instruct the jury on petit larceny. The fourth division of Section 3681, Revised Statutes 1929 (Mo. Stat. Ann., p. 3227), provides that, "whether requested or not, the court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict; . . . and a failure to so instruct in cases of felony shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial."

It has been held that this statute makes it "the duty of the court to declare the law applicable to every crime, or grade of crime, of which, under the evidence, the jury might convict the accused." [State v. Starr, 244 Mo. 161, 178, 148 S. W. 862, 866.*] And Section 4078, Revised Statutes 1929 (Mo. Stat. Ann., p. 2880), expressly provides that, "if, upon the trial of an indictment for grand larceny, the evidence shows the value of the property taken would constitute a case of petit larceny, the defendant may be convicted of that offense."

Where a larceny is committed in connection with a burglary it is a felony regardless of the value of the property taken, Section 4056, Revised Statutes 1929 (Mo. Stat. Ann., p. 2854). But where there is no burglary or the defendant is acquitted of that charge, and the larceny is of property of the kind here involved, from a building of the character shown by this record, the evidence must disclose that the property was worth $30 or more to make out a case of grand larceny, Section 4064, Revised Statutes 1929 (Mo. Stat. Ann., p. 2865); otherwise it is petit larceny, Section 4077, Revised Statutes 1929 (Mo. Stat. Ann., p. 2879).

And where "there is any conflict whatever in the testimony as to the value of the property, that is to say, whether it was of the value of thirty dollars or more, or less than thirty dollars, that question should be submitted to the jury by appropriate instructions." [State v. Nicholas, 222 Mo. 425, 431, 121 S. W. 12, 13.] In such circumstances it is the mandatory duty of the court under Section 3681,

---

*See, also, State v. London (Mo. Div. 2), 295 S. W. 547, 549; State v. English, 308 Mo. 695, 708, 274 S. W. 470, 474; State v. Garrett, 285 Mo. 279, 286, 226 S. W. 4, 6; State v. Lackey, 230 Mo. 707, 720, 132 S. W. 602, 606; State v. Nicholas, 222 Mo. 425, 434, 121 S. W. 12, 14.

supra, to instruct the jury on petit larceny. [State v. Sharp, 106 Mo. 106, 110, 17 S. W. 225, 226; State v. Hutchinson, 111 Mo. 257, 264, 20 S. W. 34, 35; State v. Thompson, 137 Mo. 620, 623, 39 S. W. 83; State v. Lackey, 230 Mo. 707, 718, 132 S. W. 602, 606; State v. Conway, 241 Mo. 271, 283, 145 S. W. 441, 445; State v. McGuire, 327 Mo. 1176, 1186, 39 S. W. (2d) 523, 526.]

This much the learned Attorney General concedes, but he refers us to two cases holding that where all the evidence shows the property taken was of the value of $30 or more, in consequence of which the defendant must be guilty either of grand larceny or of no larceny at all, it is unnecessary to instruct on petit larceny. [State v. Wells (Mo. Div. 2), 234 S. W. 825, 827; State v. Sprague, 149 Mo. 409, 422, 50 S. W. 901, 904.] That proposition, also, may be conceded in return, but it is only true where there is *no issue* as to the value, or, in other words, where the value is admitted to be $30 or more. As stated in the Nicholas case, quoted from above, "if there is any conflict whatever" as to whether the property was worth less than $30, the question must be submitted to the jury. Other cases to the same effect are: State v. Norman, 101 Mo. 520, 524, 14 S. W. 661, 662, 10 L. R. A. 35, 20 Am. St. Rep. 623; State v. Thompson, 137 Mo. l. c. 623, 39 S. W. l. c. 83; State v. Murphy, 141 Mo. 267, 270, 42 S. W. 936, 937.

We think the State's evidence in this case did not establish beyond question that the value of the stolen property was $30 or more. The prosecuting witness testified the nine and one-half gallons of Prestone was worth $28.50, but the information alleged that it was worth only $28. The ten-pound can of Polarine cup grease, according to the testimony of Schmidt, was worth $1.75; and he said the wrecking bar was worth "about 50c." This totals $30.25, just barely exceeding the minimum fixed by the grand larceny statute. In our opinion it is clear that evidence of this character was not sufficient to justify the giving of what might be called a peremptory instruction to find the defendant guilty of grand larceny if they convicted him of larceny at all.

The fact that the evidence of the prosecuting witness on this point was not contradicted by positive proof, is not sufficient to warrant the taking of the issue from the jury. The appellant's plea of not guilty put in issue every allegation of the information, State v. McBroom, 238 Mo. 495, 499, 141 S. W. 1120, and he did not concede the property taken was worth $30 or more. The prosecuting witness was cross-examined at some length on the question and the appellant did nothing to indicate his trial theory was that the stolen property exceeded the statutory minimum in value. In this connection see State v. Creighton, 330 Mo. 1176, 1194, 52 S. W. (2d) 556, 562; State v. Sumpter, 335 Mo. 620, 627, 73 S. W. (2d) 760, 763. Neither do the physical facts warrant only that conclusion. For these reasons we

think the trial court erred in failing to instruct the jury on petit larceny.

III. The third assignment in the appellant's briefs is that the court erred in failing to instruct the jury upon his defense of alibi. This assignment cannot be considered because no such contention was made in his motion for new trial. But it may be added the court was not bound to instruct the jury upon the defense of alibi as a part of the law of the case without a request from the defendant, under Section 3681, supra. [State v. Bagby, 338 Mo. 951, 93 S. W. (2d) 241, 249; State v. Trice, 338 Mo. 744, 92 S. W. (2d) 135, 136.]

For the reasons stated in paragraph II of this opinion the judgment is reversed and the cause remanded. All concur.