STATE of Missouri, Respondent,

v.

Walter Earl McGRAW, Appellant.

No. 38340.

Missouri Court of Appeals, St. Louis District, Division Three.

Sept. 12, 1978.

David M. Johnson, Hayes & Heisler, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Jerry L. Short, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Presiding Judge.

Defendant Walter McGraw appeals his conviction for stealing over $50. His allegations of error are based on the admission of opinion testimony as to the value of the stolen items, refusal to instruct on stealing under $50, and the admission of identification testimony. We find no error and affirm.

As St. Louis police officer Jessie Nash was on evening patrol at Thirteenth Street and Warren Avenue, he observed two men loading tires onto a pickup truck in the Fleet Deliveries, Inc. parking lot. Officer Nash was able to observe the faces of the two men assiduously at their work. He noticed several large tires in the truck bed, and as the pickup left the lot, Officer Nash followed. He ultimately stopped the truck and ordered the occupants outside for a confrontation, at which time he was again able to see their faces clearly. The two men, later identified as defendant and his brother, were directed to return with their truck to the Fleet Deliveries lot. Upon reaching the lot, defendant leaped from the truck and fled from the scene. Officer Nash remained with the other suspect until reinforcements arrived. An assisting policeman, Officer Schrum, immediately identified the defendant's brother as Harry "Cookie" McGraw. After hearing a general description of the escaped accomplice, Schrum stated that the escapee resembled the defendant. An all points bulletin was broadcast, both naming and describing defendant. Shortly thereafter, he was arrested in a tavern and transported back to the lot. Nash identified defendant as the man he had earlier apprehended. Defendant and several alibi witnesses testified that he was elsewhere during the incident leading to his arrest.

An investigation revealed that four truck tires and rims had been unlawfully removed and taken by defendant and his brother from a trailer under lease to Fleet Deliveries, Inc. The president of Fleet Deliveries, relying on his thirteen years experience in the trucking business and the purchase within the past three years of "a couple of hundred" tires and rims similar to those stolen, testified without objection that the value of each of the four tires and rims was $108 as used. Defendant now complains that the president of Fleet Deliveries was not qualified to testify as to the value of the stolen property. As the objection was not raised at trial,

it is not preserved for review.[1] *State v. Hulsey,* 557 S.W.2d 715 (Mo.App.1977); *State v. Holman,* 556 S.W.2d 499 (Mo.App. 1977). Moreover, defendant's attorney cross-examined the witness in substantial detail, and we find that the witness' declaration of value did not result in any manifest injustice to defendant. *State v. Sanders,* 541 S.W.2d 530 (Mo. banc 1976); *State v. Hatten,* 561 S.W.2d 706 (Mo.App.1978). Further, in view of the witness' experience, there is scarce ground for asserting abuse of the trial court's discretion in admitting such testimony. See *State v. Cook,* 557 S.W.2d 484 (Mo.App.1977) and *State v. Andrade,* 534 S.W.2d 595 (Mo.App.1976), for the principle that admission of opinion testimony rests in the considerable discretion of the trial court.

■ Defendant next claims that the trial court erred in failing to instruct on the offense of stealing under $50. All the evidence concerning the value of the stolen property was that it greatly exceeded $50. There was no evidence to support an instruction of stealing under $50; hence, there was no error in failing to do so. *State v. Burrage,* 418 S.W.2d 101 (Mo.1967); *State v. Thornton,* 557 S.W.2d 1 (Mo.App. 1977); *State v. Brame,* 542 S.W.2d 591 (Mo. App.1976); *State v. Matzker,* 500 S.W.2d 54 (Mo.App.1973).

Defendant relies on *State v. Nicholas,* 222 Mo. 425, 121 S.W. 12 (1909), and *State v. Enochs,* 339 Mo. 953, 98 S.W.2d 685 (1936), in arguing that he should have been allowed the stealing under $50 instruction. But *Nicholas* is not apt, as in that case there was conflicting evidence as to whether the stolen property was worth only $10 or $15. Not so, here. Nor does *Enochs* apply, for it was found that "the state's

evidence in this case did not establish beyond question that the value of the stolen property was $30 or more."[2] *State v. Enochs,* supra at 688. Here, the evidence clearly established the value of the stolen property to be substantially in excess of $50.[3]

Finally, defendant claims that the trial court improperly admitted invalid identification testimony. Defendant argues that Officer Nash's in-court and out of court identification testimony was irreparably tainted by Officer Schrum's remarks about the possible identity of the escaped suspect. No motions to suppress identification testimony nor objections at its presentation were made during the trial. However, defendant relies on "plain error," Rule 27.-20(c), to preserve the issue for the court's consideration.

■ As was stated earlier, Rule 27.-20(c) will not be invoked unless the defendant demonstrates that the alleged error will result in a miscarriage of justice. *State v. Sanders,* supra. A consideration of the facts in this case fails to demonstrate any manifest injustice. Officer Nash observed the defendant and his accomplice three different times—twice from his patrol car, and once face-to-face. The officer made two separate identifications of defendant—at the scene of the crime, within fifteen minutes of defendant's escape, and in court, during the course of his testimony. When a pretrial confrontation is challenged as unnecessarily suggestive, the central issue is whether, under the totality of circumstances, the identification was reliable. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). We doubt that Schrum's statements tended to increase the

1. Defendant's counsel at a later point did object to the president's testifying as to the value of new tires. Such objection was irrelevant to the issue here.

2. At the time of *State v. Enochs,* supra, the statutory limit for grand larceny was $30 or more.

3. In *State v. Saffold,* 563 S.W.2d 127 (Mo.App. 1978), not cited by defendant, the evidence was

unclear as to whether the theft was over or under $50. The victim testified that the billfold which was stolen from her contained $47, but evidence as to the value of the billfold was inconsistent. Relying on *Enochs,* the court held that in view of the lack of evidence as to the true value of the billfold, the jury should have been instructed on stealing under $50. But the confusion as to values existing in *Enochs* and *Saffold* does not appear in this case.

probability of a misidentification, particularly since Nash had the opportunity to view defendant at close range a mere fifteen minutes before the contested confrontation. But even assuming that the comments were unnecessarily suggestive, the facts in this case indicate the identifying witness had an independent basis for his in-court identification sufficient to overcome any improper remarks. *State v. Harris*, —— S.W.2d ——, No. 39,102 (Mo.App. June 20, 1978); *State v. Dickerson*, 568 S.W.2d 559 (Mo.App.1978); *State v. Collins*, 567 S.W.2d 144 (Mo.App.1978); *State v. Williams*, 566 S.W.2d 841 (Mo.App.1978).

Affirmed.

KELLY and REINHARD, JJ., concur.