STATE of Missouri, Respondent,

v.

Clifford RUSS, Appellant.

No. 40822.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 6, 1980.

Robert Babione, Public Defender, Mary Elizabeth Dockery, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of second degree burglary. Punishment was assessed under the Second Offender Act at ten years imprisonment. We affirm.

At about 11:00 p. m. on 12/4/77, Kevin MaGee, the manager of MaGee's Tavern, locked the doors of the tavern and secured the building. The front window through which the defendant later entered was closed. MaGee went upstairs to his apartment. About an hour later he heard a loud pounding at the front of the tavern. Five to ten minutes later a police car arrived. McGee informed the police that an intruder was still inside the tavern. The police went around to the back door of the building and observed the defendant opening it from inside the tavern. He was immediately arrested. He had a brown paper bag in his possession. The bag contained a pair of sunglasses, about nine dollars in change and six keys from the bar's cash register. The money receptacles of a jukebox and two "Foosball" machines had been broken into and the front window was found open.

■ Defendant first challenges the sufficiency of the evidence relating to the required element of "breaking." The suffi-ciency of the evidence is viewed in the light most favorable to the state, affording it all reasonable inferences and disregarding all contrary evidence and inferences. *State v. Arnold,* 566 S.W.2d 185, 187 (Mo. banc 1978). Within fifteen minutes after MaGee heard a pounding noise at the front of the tavern, the defendant, alone, was found and arrested inside the building. The front window had been opened. The evidence was sufficient for the jury to infer that it was the defendant who pounded open the front window in order to gain entry to the tavern. This establishes a breaking. *State v. Steward,* 564 S.W.2d 95, 98 (Mo.App. 1978).

■ Defendant next charges that it was manifestly unjust for the state to include references to him by aliases in the amended information. Since no objection was made either during trial or in his motion for a new trial, defendant proposes that we invoke the plain error rule—Rule 27.20(c). However, defendant has not shown how he was prejudiced. There is no evidence in the record to indicate that this information was ever communicated to the jury. The mere inclusion of aliases in an information is not sufficient to establish the required manifest injustice. *State v. McGraw,* 571 S.W.2d 802, 804 (Mo.App. 1978).

■ Defendant also challenges the action of the trial court in permitting a police officer to testify that at the time of arrest defendant said his name was "Michael Johnson," and that later the officer learned that this was not the defendant's real name. Defendant claims that this testimony put his character into issue. We disagree. The use of a false name immediately after being arrested and accused of a crime was relevant to show defendant's consciousness of guilt. *State v. Jones,* 575 S.W.2d 899, 900–901 (Mo.App. 1978).

■ Finally, defendant complains about the conclusion of the police officer that

 

defendant's real name was "Clifford Russ." This conclusion was not prejudicial. The fact that "Clifford Russ" was defendant's real name was not a contested issue. *State v. Fingers*, 564 S.W.2d 579, 583 (Mo.App. 1978).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.