THE STATE v. ROBERT J. McBROOM, Appellant.

Division Two, December 19, 1911.

1. **FORMER CONVICTION: Issuable Fact: Single Instruction: General Verdict.** Where the statute makes it a misdemeanor to buy junk and second-hand goods from a minor, and the next section provides that if a defendant has been previously convicted under that statute the punishment shall be imprisonment in the penitentiary, an instruction telling the jury that if they find the defendant guilty of the present offense and also find that he was formerly convicted of a like offense, "then you will find the defendant guilty as he is charged in the first count of the indictment," which charged both the present offense and the former conviction, "and will fix his punishment for the same at imprisonment in the penitentiary," is error. The jury should be allowed to say whether defendant is guilty of the present offense, independently of the former conviction. Under the instruction as given the jury were compelled to find defendant guilty of the present offense and that he had been formerly convicted of a like offense, or acquit him.

2. —————: —————: **Evidence Uncontradicted.** In a criminal case every issuable fact necessary to establish the State's case must be submitted to the jury. If a prior conviction of a like offense is necessary to sustain the verdict, it will not do to say that the evidence of the former conviction was uncontradicted and that the record of such conviction was sufficient to establish the fact. It is for the jury to say whether the charge of for-

mer conviction has been sustained ·by the evidence, no matter how strong it may be.

3. ———: ———: ———: Admitted by Counsel on Appeal. A defendant is not bound by a concession by his counsel in his brief that the evidence established defendant's former conviction of a similar offense. It is the duty of the appellate court to determine whether or not error was committed in the trial of the case.

Appeal from Jefferson Circuit Court.—*Hon. Joseph J. Williams,* Judge.

REVERSED AND REMANDED.

*R. A. Frazier* and *Frank Deitrich* for appellant.

(1) The court erred in submitting to the jury the issue of the former conviction, with the issue of the guilt or innocence of the defendant. They both should have been tried separately, and the jury should have been instructed as to each issue separately. 12 Cyc. 952. (2) The court erred in not instructing the jury specially on the question of the prior conviction, and in permitting the jury to return a verdict into court finding the defendant guilty as charged, for the reason that such a verdict will be treated as an acquittal, of the charge of prior conviction. People v. Eppinger, 109 Cal. 294; State v. Jones, 168 Mo. 403; State v. Rowe, 142 Mo. 442. (3) This being a criminal prosecution it was the duty of the court to instruct the jury on all points of law involved in the case. · State v. Rufus, 149 Mo. 416; State v. Clark, 147 Mo. 368.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) The appellant was convicted under the first count of the indictment, the State having entered a *nolle* as to the second and third counts. The indictment charges the crime in the language of the statute and is sufficient in form and substance. Sec. 4746, R. S. 1909; Sherwood's Crim. Law, pp. 735, 736. (2)

The State was only required to introduce in evidence the judgment showing the former conviction of appellant, which it did. The offer in evidence of additional parts of the record showing the former conviction of appellant was in no sense error, and the case of State v. Brown, 115 Mo. 415, cited by appellant, does not so hold. Furthermore, instruction 2, given on behalf of the State, properly limited all of said evidence showing the former conviction to the one purpose for which it was introduced—that of fixing the punishment in the case at bar. (3) The court did not err in submitting the question of the former conviction with the issue of guilt or innocence of appellant of the crime as charged in the case at bar. Both questions are properly submitted, as the record discloses that they were in this case. State v. Baldwin, 214 Mo. 307. (4) The verdict is in proper form. It found appellant "guilty as he is charged in the first count of the indictment." This is all that was required to be found by the jury. State v. Lee, 228 Mo. 480; State v. Court, 225 Mo. 609; State v. Baldwin, 214 Mo. 307. The cases of State v. Jones, 168 Mo. 398, and State v. Rowe, 142 Mo. 439, cited and relied upon by appellant, are not in point. Each of these cases refer to verdicts returned in prosecutions where two separate and distinct crimes, burglary and larceny, were charged in one count. Of course, in such cases the verdict had to show the finding of the jury on each crime charged; such is not the case here. There is but one offense charged, the second offense of buying junk and second-hand goods from a minor without the written consent of his parents. Appellant complains that the court did not instruct on all the law of the case. No such complaint is found in the bill of exceptions to have been made. It appears for the first time in the motion for a new trial. This is not sufficient. State v. Nelson, 225 Mo. 551.

FERRISS, J.—Defendant was convicted in the circuit court of Jefferson county under sections 4746 and 4747, Revised Statutes 1909, which read as follows:

"Sec. 4746. Any pawnbroker, junk dealer, dealer in second-hand goods or merchant, who shall buy, receive or take any personal property, goods, wares or merchandise, other than agricultural products, of any value from any minor or have in his possession any personal property, goods, wares or merchandise, so had and obtained without the consent of such minor's parents or guardians, had in writing, shall, upon conviction, be punished by imprisonment in the county jail not less than three months nor more than five months, or by fine of not less than one hundred dollars or more than five hundred dollars, or by both such fine and imprisonment.

"Sec. 4747. For a second offense and conviction under section 4746, the punishment shall be imprisonment for not less than two years or more than three years in the penitentiary."

The indictment charged the commission of the offense defined in section 4746, and also, in the same count in the indictment, alleged a prior conviction of a similar offense. The State introduced evidence tending to prove the prior conviction, and also the present offense charged in the indictment.

The court instructed the jury, in substance, that if they found the former conviction and punishment, and also found the defendant guilty of the present offense charged in the indictment, "then you will find the defendant guilty as he is charged in the first count of the indictment, and will fix his punishment for the same at imprisonment in the penitentiary for not less than two years nor more than three years."

The jury returned the following verdict:

"We, the jury, in the case of State of Missouri against Robert J. McBroom, find the defendant, Rob-

ert J. McBroom, guilty as he is charged in the first count of the indictment, and we fix his punishment for the same at imprisonment in the penitentiary for a term of two years.''

The trial was had on the first count of the indictment only, which, as stated above, charged both the present offense and former conviction. The defendant complains that the instruction given by the court compelled the jury to either convict the defendant under section 4747 or to acquit altogether. It is further claimed that the jury should have been allowed to say whether or not the defendant was guilty of the present offense, independent of the finding on the allegation of former conviction. This objection is well taken. The plea of not guilty puts in issue every allegation of the indictment, and it is for the jury to say in a case of this kind whether or not the allegation of prior conviction has been sustained by the proof. If the jury should find that such allegation is not sustained, and should also find the defendant guilty of the present offense charged, then the punishment would be under section 4746. If the jury should find the defendant guilty of the present offense charged, and also find that the allegation of the former conviction has been sustained, then the punishment should be under section 4747. The instruction in this case, however, gave the jury no alternative. It will not do to say that the evidence of the former conviction was uncontradicted, and that the record of such conviction was sufficient to establish the fact. In a criminal case every issuable fact necessary to establish the State's case must be submitted to the jury. The crime charged in the indictment is that of buying from minors without the written consent of parents or guardians. The allegation of the former conviction is solely for the purpose of affecting the degree of punishment. It has been held that a general verdict of guilty, under such an indictment as this, refers to the crime charged

alone, and amounts to an acquittal of the charge of former conviction. It was so held in People v. Eppinger, 109 Cal. 294, also in Thomas v. Commonwealth, 22 Grat. (Va.) 912. The authorities all agree that it is for the jury to say whether the allegation of a former conviction has been sustained. In some States the statutes require that no judgment based upon a former conviction shall be entered until the jury shall specifically find that such former conviction has been proved. Such statutes, however, simply declare a rule of law which should prevail on general principles; that is, that every issuable affirmative fact is to be found by the jury.

In the case of Herndon v. Commonwealth, 105 Ky. 197, a general verdict of guilty as charged, under a similar indictment, was sustained, but in that case the jury was instructed in the alternative, to the effect that if they should find against the former conviction, but that the defendant was guilty of the present offense charged, they should fix the punishment accordingly. In the case at bar, however, under the instruction given, the jury could not find for the defendant on the issue of former conviction unless they also should acquit him of the present offense. The verdict indicates that the jury found both that the defendant was guilty of the crime charged and that he had suffered a former conviction, but there was no alternative presented to the jury, and the jury were obliged, under the instructions, to either so find or acquit altogether.

It is claimed on behalf of the State that the record testimony showed the conviction at a prior date of a defendant of the same name, and that this fact together with the fact that such record testimony was not contradicted or assailed, justified the court in assuming in its instructions to the jury that the defendant in this case was the same Robert J. McBroom who had been previously convicted of a like offense. Under our practice, however, no matter how strong the proof may

be of an affirmative fact presented by the State, and notwithstanding there may be no contradiction thereof, still it is for the jury to say whether or not the fact is established.

It is further claimed that the bill of exceptions shows that the defendant admitted the former conviction, and that the defendant's counsel in his brief in this court concedes that fact, and that therefore the defendant is not in a position to complain. We do not think that the defendant is bound by the statements made by his counsel in his brief here. It is our duty to determine whether error was committed in the trial of the case, and we are not controlled in this matter by statements made by counsel. The defendant at no time admitted the former conviction, or his identity with the party mentioned in the record introduced. Something was said by his counsel in argument upon the admission of testimony which might be construed into a recognition of such former conviction, but for the reasons above stated we do not regard this as controlling.

Several other points are made by defendant against the judgment in this case, but we find no errors in the rulings of the trial court thereon.

In our judgment, the instructions should present to the jury, in the alternative, the issue of former conviction, so that the jury could find for or against the defendant on that issue, as distinct from the question of guilt or innocence of the crime charged, and the verdict should be so framed as to show that the jury passed upon each proposition.

For reasons above given the judgment is reversed and the cause remanded for new trial. *Kennish, P. J.,* and *Brown, J.,* concur.