STATE of Missouri, Respondent,

v.

Henry SAFFOLD, Appellant.

No. KCD 29163.

Missouri Court of Appeals, Kansas City District.

Feb. 27, 1978.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was charged as a second offender with stealing property of another ($47.00 in U.S. Currency and a billfold) having a value of fifty dollars or more. Sections 560.156 and 560.161(2), RSMo 1969. A jury found him guilty as charged and the trial court fixed his punishment at seven years imprisonment. A timely appeal followed.

Defendant's chance of success on appeal pivots on a single point—failure of the trial court to honor his request to instruct the jury on stealing property of another having a value of less than fifty dollars.

A schematic presentation of the evidence appertaining to the theft will be followed by a detailed recital of all portions relating to the value of the stolen property.

On February 25, 1976, the victim was working at her husband's office in Kansas City, Missouri. At one point during the morning she left the office reception room for a few minutes. When she returned she encountered defendant in the reception room. He inquired about employment opportunities with her husband's firm. After advising defendant that there were no vacancies, she went over to her desk and noticed that her wallet was missing from her purse. She then glanced up and observed defendant leaving the office with her billfold tucked under his arm. Defendant then started running down the hall. The victim alerted her husband who, joined by another, pursued and apprehended defendant.

The victim's billfold contained $47.00 in U.S. Currency. The only other item alleged to have been stolen was the billfold itself. Thus, the value of the billfold became a crucial issue. It was first explored by defendant on cross-examination of the victim as follows:

"Q. How long had you owned this billfold before February 25, 1976?

A. I'd say a couple of months maybe, something like that.

Q. Do you remember where you bought it?

A. No, a friend gave it to me and it's within a—*it's a handpainted set, is what it is.*

Q. Okay. You—have you ever purchased one just like it or is this the only billfold of this type that you have ever owned?

A. Well, yes, of that type, but I certainly have seen them on the market."

\* \* \* \* \* \*

"Q. You never attempted to purchase a wallet such as this before?

A. No.

Q. All right. Therefore, I take it you really don't know how much your friend paid for the wallet or how much the wallet like this costs.

A. I could probably get a receipt from her.

Q. All right. At this present time, as you sit in court, do you know what she paid for the wallet?

A. The only thing I can say is that I saw the—this very wallet, *the whole thing*, $5.00.

Q. Well, all right; $5.00:

A. Yes.

Q. So you think that this can be purchased new for $5.00?

A. Right.

Q. Now, you have had it a year, is that correct?

A. Well, not at the time it was stolen, but I have had it—

Q. Right now you have had it a year.

A. Yes.

Q. And you had had it for at least a couple of months on that date?

A. Yes, thereabouts." (Emphasis added.)

The state, in a limited manner, explored the value of the billfold on redirect examination of the victim as follows:

"Q. Can you give us your estimate of the value of that billfold you have?

A. Well, *since its with a set*, I would say $5.00." (Emphasis added.)

The thrust of the victim's testimony discloses that the billfold was part of a matched set. Although the record is silent, perhaps a key case or cigarette case completed the set. Whether the estimated value of $5.00 applied to the billfold alone or to the entire "set" is far from clear.

A panoply of legal principles come into play. A defendant is entitled to an instruction on any theory which the evidence tends to establish. *State v. Shivers*, 458 S.W.2d 312, 316 (Mo.1970); and Rule 26.02(6). In determining the degree of an offense which is to be considered by a jury a defendant is entitled to an instruction which is supported by the evidence and any inferences which logically flow from the evidence. *State v. Smith*, 518 S.W.2d 665, 669 (Mo.App.1975). If a jury can reasonably find from the evidence that the value of the stolen property is less than fifty dollars then the crime of stealing property having a value of less than fifty dollars is treated as a lesser included offense of the crime of stealing property with a value of fifty dollars or more. *State v. McCarthy*, 336 S.W.2d 411, 413 (Mo.1960). In non-homicide cases, "[i]n the past and at this time the controlling factor with respect to the submission of a lesser offense . . . is whether the *facts in evidence* are sufficient to arguably show a lack of an essential element of the higher degree of the offense." *State v. Howell*, 524 S.W.2d 11, 21 (Mo. banc 1975). Paragraph 4 of the "Notes on Use" appended to MAI–CR 7.70 (Stealing Without Consent of Owner), effective March 1, 1975, provides that *"[i]f the offense is submitted as a felony for the stealing of property of the value of at least $50 and if there is any doubt that the value exceeds that amount*, the stealing of property of the value of less than $50 can be submitted as a misdemeanor and as a lesser included offense." (Emphasis added.)

More at hand, where evidence as to the value of a stolen item relates to its value prior to the time it is stolen, such evidence tends to prove that the value of the item on the date when it is stolen is less. See *State v. Norman*, 101 Mo. 520, 14 S.W. 661, 662 (1890). Without saying so, the court in *Norman* implicitly recognized the depreciative effect of time and use on the value of personal property. In *State v. Cox*, 508 S.W.2d 716, 724 (Mo.App.1974), involving an accused charged with stealing property of the value of more than fifty dollars but who was convicted of stealing

property of a value of less than fifty dollars, and who complained on appeal that the trial court had erred in instructing the jury on stealing less than fifty dollars, the court stated: "Here, the evidence shows that the stereo was purchased some three months prior to the loss for $69.95. Since the stereo was some three months old, the jury was entitled to consider whether the stereo had depreciated to an amount less than $50.00; hence the court properly gave Instruction No. 3 on the lesser included offense." The court held in *State v. Enochs*, 339 Mo. 953, 98 S.W.2d 685, 688 (1936), a grand larceny case, that where the evidence of value was of such a character that it was not sufficient "to justify the giving of what might be called a peremptory instruction to find the defendant guilty of grand larceny if they convicted him of larceny at all . .", it was error to fail to instruct the jury on "petit larceny". The court went on to further hold that "[t]he fact that the evidence of the prosecuting witness on this point was not contradicted by positive proof is not sufficient to warrant the taking of the issue from the jury . . . [t]he appellant's plea of not guilty put in issue every allegation of the information, *State v. McBroom*, 238 Mo. 495, 499, 141 S.W. 1120, and he did not concede the property taken was worth $30 or more."

The jury in the instant case could have logically and reasonably inferred that the "set", which the billfold was merely a component part of, had an overall estimated value when new of $5.00, and that the value of the billfold alone when new was considerably less than $5.00. Further, the jury in the instant case could have logically and reasonably inferred that the value of the billfold had depreciated by reason of time and use when it was stolen and was therefore worth considerably less on that date than when new. When the facts in this case are melled with the authorities heretofore cited, this court is compelled to conclude that the trial court erred in not instructing the jury on the lesser offense of stealing less than fifty dollars as the jury could have logically and reasonably inferred from all the evidence that the total value of the stolen property was less than fifty dollars.

Judgment reversed and cause remanded for a new trial.

All concur.