STATE of Missouri, Respondent,

v.

Christopher CANEPA, Appellant.

No. WD 35106.

Missouri Court of Appeals,
Western District.

May 15, 1984.

Charles W. Franklin, Columbia, for appellant.

John L. Patton, Asst. Pros. Atty., Fulton, for respondent.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

KENNEDY, Judge.

Defendant was charged with and was convicted of speeding over 70 miles per hour, § 304.010, RSMo Cum.Supp.1983. There is no challenge to the sufficiency of the evidence to support the verdict.

Defendant complains on appeal that the trial court failed to give the instruction tendered by him, authorizing conviction of speeding over 55 miles per hour. § 304.-009, RSMo Cum.Supp.1983. We will assume that there was evidence to support the hypothesis that defendant was driving over 55 miles per hour and less than 70 miles per hour.

Defendant says that driving over 55 miles per hour is a "lesser included offense" of driving above 70 miles per hour. A lesser included offense is one which must be proved in all its elements as a part of the greater offense. § 556.046, RSMo, 1978. The offense of speeding above 70 miles per hour, it is true, may not be proved without proving *incidentally* that the defendant traveled over 55 miles per hour. But it may not be proved without proving also that he drove in excess of every other speed less than 70 miles per hour.

Defendant cites us to *State v. Matzker*, 500 S.W.2d 54 (Mo.App.1973), where the court held that where there was no dispute upon the evidence as to whether stolen property had a value of less than $50, that petit larceny need not be submitted to the jury as a lesser included offense of grand larceny with which the defendant was charged. A better case, for the affirmative of that proposition, would be *State v. Saffold*, 563 S.W.2d 127 (Mo.App.1978). The difference between *Matzker* and *Saffold*, on the one hand, and the case before us, on the other, is that stealing property of any value was a crime, whether more or less than $50—whereas traveling less than 55 miles per hour would be no crime at all.

A different analysis leads to the same result. At speeds over 70 miles per hour, the two offenses, i.e. driving over 55 miles per hour and driving over 70 miles per hour are identical offenses, not a greater inclu-

sive and a lesser included. The same facts (in the over-70 range) would establish an offense against either statute, at the prosecutor's election. *See State v. Gibson*, 623 S.W.2d 93, 101 (Mo.App.1981). It is analogous to sexual offenses defined as separate crimes and carrying different penalties when committed against a person under 17 and when committed against a person under 12. One under 12 is certainly under 17 years of age, but the prosecutor can select which of the two offenses he charges and the jury is instructed only upon that offense. The sexual offense committed upon a person under the age of 17 is not a lesser included offense of the same offense committed upon a person under the age of 12. *See State v. Gibson*, 623 S.W.2d at 101; *State v. Williams*, 628 S.W.2d 947, 949 (Mo.App.1982).

The judgment of conviction is affirmed.

All concur.