STATE of Missouri, Plaintiff-Respondent,

v.

Ralph WIGGLEY, Defendant-Appellant.

No. 35687.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 6, 1974.

Charles D. Kitchin, Public Defender, Thomas J. Prebil and James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal and Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of second degree burglary and sentence of four years imposed by the court under the Second Offender Act. We affirm.

Defendant raises two points, neither challenging the sufficiency of the evidence to sustain the conviction. The State's evidence was that defendant was apprehended as he dropped 16 feet from a fire escape, by two policemen responding to a silent alarm. A window leading to the fire escape on the third floor of the building had been broken and a machine had been moved from inside the building onto the fire escape. A second man was found inside the building on the third floor. This man was identified as having been with defendant less than an hour before the burglary.

Defendant's testimony was that he was walking down the alley when the police arrived, that he was beaten by the police and attacked by a dog held by the police and didn't know the man inside the building.

■ Defendant's first contention is that the trial court erred in allowing the prosecutor to argue that defendant had failed to bring in the hospital records to establish the claimed dog bites. At trial and in the motion for new trial defendant objected that he was under no duty to produce evidence. On appeal he contends that the records were equally accessible and therefore it was error to permit the comment. We do not review assignments of error which were not presented at the time testimony was given. State v. Scott, 487 S.W. 2d 528 (Mo.1972); State v. Atkins, 494 S. W.2d 317 (Mo.1973). The objections are not the same for the one now raised presents a privilege question which was never submitted to the trial court. The assignment of error has not been preserved for review.

■■ The second contention is that the court erred in refusing to permit counsel for defendant to comment on the failure of the State to introduce evidence of fingerprints at the scene. There was no evidence that fingerprints had been successfully taken at the scene. It is not incumbent on the State to search for fingerprints and it is not error to refuse to let defendant comment on the absence of such evidence. State v. Terry, 472 S.W.2d 426 (Mo. banc 1971) [8].

Judgment affirmed.

KELLY and STEWART, JJ., concur.