STATE of Missouri, Respondent,

v.

Leroy THOMAS, Appellant.

No. 38192.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 17, 1977.

**64**

Robert C. Babione, Public Defender, Blair Drazic, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Geo. A. Peach, Circuit Atty., Marion G. Eisen, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant Leroy Thomas guilty of second degree burglary. The trial court sentenced him to seven years' imprisonment as a second offender. He appeals, asserting error in restricting his cross examination of two police officers, and in excluding jury argument about the absence of fingerprints on stolen items.

Defendant offered no evidence and does not challenge the sufficiency of the state's evidence. In sum, the state's evidence was: Two patrolling policemen saw a broken window in a warehouse garage door. A man, recognized by police as defendant, vaulted through the broken window. Another person was seen hiding outside the building but escaped. Defendant fled but was apprehended within 200 yards of the scene. After being given *Miranda* warn-ings, defendant said he was out of work, needed money, and for his personal gain he was forced to commit the burglary. Inventory of the warehouse showed over a hundred cases of candy were missing; four cases were found inside the garage door and three more outside the door.

Evidence technicians found defendant's fingerprints on broken glass from the garage window. On cross examination the officer testified it was possible to recover latent fingerprints from cardboard boxes, but there was no evidence he had examined the boxes for fingerprints.

Defendant's first point is that the trial court erroneously restricted his cross examination of the two police officers who had arrested defendant at the burglary scene. The court sustained the state's objections to two questions. The first was how many times the officers had testified before, this for the announced purpose of showing the officers were thus able to fabricate statements without this being easily detected on cross examination. And, for the same purpose, asking the officers if they knew "what makes a good burglary case."

Defendant frankly acknowledges he "can offer no authority directly on point." He cites two cases on the general range of the trial court's discretion to control cross examination—*State v. Winters*, 525 S.W.2d 417[14–19] (Mo.App.1975) and *Roberts v. Emerson Electric Manufacturing Company*, 362 S.W.2d 579[7–8] (Mo.1962). Neither is factually similar to our case and no error was found in restricting cross examination. Our own research finds no instance where restricting similar cross examination was held to be reversibly erroneous.

We acknowledge defendant's right to show by cross examination "the interests and prejudices of the witnesses, with respect to the issues on trial, their relations to the parties, and the state of their feelings towards the parties." *State v. Day*, 339 Mo. 74, 95 S.W.2d 1183[2–5] (1936). But the defendant's proposed questions about how many times the officers had testified and their conclusions as to what makes a "good

burglary case" did not pertain to the issues on trial nor to their feelings toward defendant. The defendant's right to cross examination is balanced by the principle that the permissible extent of cross examination on matters outside those testified to on direct examination is largely discretionary with the trial court. *Parmley v. Henks*, 285 S.W.2d 710[4] (Mo.1956).

We conclude defendant's contention must be denied on two grounds: First, that "it is not proper to so frame the cross examinating questions that they are argumentative, or call for a conclusion," and second, the right of cross examination is not unlimited and a trial court has wide discretion in deciding its permissible extent. *State v. Johnson*, 486 S.W.2d 491[4, 6–9] (Mo.1972). We conclude the trial court's ruling did not constitute an abuse of discretion.[1]

Defendant's other challenge singles out the trial court's order barring defense counsel from arguing the absence of fingerprints on the stolen cardboard cases. The only testimony about this was the technician's answer on cross examination that it is harder to recover fingerprints from cardboard than from glass. The only evidence of searching for and finding fingerprints concerned the broken window glass; nothing about cardboard boxes.

*State v. Wiggley*, 515 S.W.2d 791[2, 3] (Mo.App.1974) holds it is not incumbent on the state to search for fingerprints and it is not error to exclude defense comment on the absence of such evidence where there is no evidence the fingerprints had been successfully taken. The trial court's ruling is consistent with *Wiggley*. See also *State v. Terry*, 472 S.W.2d 426[8] (Mo.1971). We deny defendant's second point.

Judgment affirmed.

DOWD and WEIER, JJ., concur.

1. "Appellate courts will interfere with the trial court's exercise of discretion only when it has been manifestly abused; that discretion is abused only when the trial court's ruling runs against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to show a lack of careful consideration and shock the sense of justice." *Kasper v. Helfrich*, 421 S.W.2d 66[1–5] (Mo.App.1967).