STATE of Missouri, Respondent,

v.

William MILLER, Appellant.

No. 38949.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 22, 1977.

Robert C. Babione, Public Defender, Terry Burnet, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Phillip Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant William Miller—as an accomplice of Ben Cherry—guilty of sodomy and attempted rape and the court imposed concurrent eight- and five-year sentences. Defendant appeals, claiming insufficient evidence of his participation, and also, that he was erroneously denied jury argument about the absence of fingerprints.

The victim and her young daughters were asleep in their apartment when a neighbor came to use the telephone. She went to investigate a noise in the hall and encountered defendant, who subdued, bound and blindfolded her. Another man, Ben Cherry, carried her into a bathroom and forced her to commit fellatio while defendant held a pistol to her head. He continued to do so as Cherry carried the victim into a bedroom, forced her to the floor and attempted to rape her. Someone was heard ransacking the apartment when police arrived and at that moment there was also a sound of a window being broken out at the rear of the apartment. Police later found defendant, injured and limping, hiding in a rear stairwell. He told them he had been "upstairs with a friend." He was taken to a hospital; the victim was taken to the same hospital, saw defendant there, and identified him to police as her attacker.

 Challenging the sufficiency of the state's evidence, defendant cites but one case, *State v. Lee,* 404 S.W.2d 740 (Mo. 1966), holding at [10, 11] that there is no liability "if there is no showing that a defendant had any connection with the crime until after it has been committed." That is not our case. Pertinent to our case, *Lee* further held at [6–8]: "Evidence sufficient to justify the jury in finding that defendant did in any way aid, and abet or encourage another in the commission of a crime is sufficient to support a conviction." That was the evidence here. We deny defendant's challenge to the sufficiency of the evidence.

Defendant's procedural point is that the trial court erred in barring his proposed argument that the state failed to produce defendant's fingerprints, contending the absence of his fingerprints would tend to prove his innocence.

The only evidence about fingerprints was shown on cross examination of an arresting police officer. He told of seeing another officer "dusting for fingerprints" in the victim's apartment, just where he could not say. Defense counsel proposed to argue to the jury that the "absence of fingerprints" tended to prove defendant's innocence, that is, that he had not been in the victim's apartment. The trial court banned the proposed argument.

 We review defendant's point in the light of our ruling in *State v. Kimmins,* 514 S.W.2d 381 [1, 2] (Mo.App.1974): "The control of oral argument is largely within the discretion of the trial judge." So viewed, we find no error. There was no evidence of the nature or extent of police search for fingerprints nor whether any fingerprints were or were not found. That was so in *State v. Wiggley,* 515 S.W.2d 791 [2, 8] (Mo.App.1974), wherein we ruled: "It is not incumbent on the State to search for fingerprints and it is not error to refuse to let defendant comment on the absence of such evidence. . . ."

Defendant proposed to argue that he was not in the victim's apartment simply because a police officer made a general statement that police had "dusted for fingerprints." We hold that statement, standing alone, was an insufficient basis for defendant's conclusion he was not present in the apartment.[1] The trial court did not abuse its discretion in precluding defendant's proposed argument.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.

---

1. See *State v. Dethrow,* 510 S.W.2d 207, l.c. 209 (Mo.App.1974), holding: "A simple solution to the whole problem would have been for defendant to call as his witness the ETU to establish what, if anything, it did or found."