**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James P. HOLIDAY,
Defendant-Appellant.**

No. 39350.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 19, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 17, 1978.

Application to Transfer Denied
Jan. 8, 1979.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

Robert C. Babione, Public Defender, Christelle Adelman Adler, St. Louis, for defendant-appellant.

SMITH, Judge.

Defendant appeals his conviction by a jury of assault with intent to do great bodily harm and the resultant sentence of two years imprisonment. We affirm.

■ The evidence was sufficient for a jury to find that defendant assaulted Loretta Wallace by connecting to Ms. Wallace an electrical device whereby defendant over a two hour period introduced as much as twenty thousand volts of electricity at very low amperage into the body of Ms. Wallace twenty times. Defendant and Ms. Wallace had lived off and on with each other for approximately ten years. Their relationship was turbulent and marked by violence and jealousy from both sides. On the occasion in question, Ms. Wallace, who had left the apartment she shared with defendant, returned at his request to discuss things. When defendant did not receive answers acceptable to him concerning who had helped Ms. Wallace move, he taped her hands and feet together, attached wires to her left wrist and left ankle, plugged into an electrical outlet a spark coil, and when Ms. Wallace was slow in answering his questions or the answer was unsatisfactory would press a switch and give Ms. Wallace a shock. Defendant denied that he did what Ms. Wallace testified he did.

On appeal, defendant raises two points. The first is that the trial court erred in restricting his cross-examination of Ms. Wallace. The prosecutrix, a licensed practical nurse, had at one time given electrolysis treatments and she still possessed the electrolysis equipment. Loretta testified that she had done electrolysis and that it was for permanently removing surplus hair from the body. The court sustained an objection on grounds of relevance to the question, "How does it work?" The court also sustained objections to questions whether an electrolysis machine could emit varying degrees of electricity, why Loretta gave up the work, who licensed her and whether she lost her license. Defense counsel was able

to ask Loretta whether in doing electrolysis work she used a machine which gave people an electrical shock, whether she still had the machine, and whether it was possible to burn and scar people with the machine. Loretta testified that an electrolysis machine emits galvanic current, she had used such a machine on herself once during training several years prior to this incident, she still had the equipment and she "would assume" you could scar and burn people with the machine "if you didn't know the controls and everything." She knew the controls.

■ It is well established that the extent and scope of cross-examination is largely within the discretion of the trial court but that great latitude should be given in a criminal case, especially with respect to impeaching a witness's credibility. *State v. Thomas,* 552 S.W.2d 63 (Mo.App.1977).

■ There is no indication of a clear abuse of discretion in the instant case. Defendant's brief indicates that the purpose of the questions on electrolysis was to impeach Loretta's testimony by showing masochistic tendencies which would render her statements about the cause of her injuries untrustworthy as she had previously inflicted similar injuries on herself. The court did not foreclose all inquiry on this subject but merely restricted it to avoid lengthy discussion of collateral matters. The court's prohibition of inquiry into how electrolysis "works" and whether the degree of current varies appears to be clearly within its discretion to regulate the extent and scope of cross-examination. We find the trial court allowed more than a reasonable latitude on collateral matters. *State v. Johnson,* 486 S.W.2d 491 (Mo.1972) [4, 5].

■ There was no error in the court's refusal to permit inquiry into Loretta's reasons for leaving this type of work, and whether she had lost her license, since there was no showing that these matters were relevant. Defense counsel, in her offer of proof, stated only that "subsequently, as I understand it, she either lost her license or lost her certification." This is insufficient to establish the relevance of these matters. "The facts stated in an offer of proof must be specific and in sufficient detail to establish the admissibility of the evidence sought to be introduced and to demonstrate its relevance and materiality." *State v. Umfrees,* 433 S.W.2d 284 (Mo. banc 1968) [1]. Defendant's offer failed to meet this requirement and there was thus no error in its denial.

Defendant's second assignment of error concerns the instruction given on voluntariness of his statements. The instruction given was MAI–CR 3.44 without the parenthetical statements about whether defendant understood what he was saying and doing at the time of the statement. The parenthetical statements are to be included only "if there is evidence that the defendant did not understand what he was saying or doing at the time of the statement." See MAI–CR 3.44 Notes on Use 3.

■ Defendant testified that police visited him perhaps four times while he was hospitalized. He stated he made no statement about the alleged assault and told the police that he didn't want to talk about it because his attorney had advised him not to. Defendant testified and hospital records show that he was taking medication while hospitalized but there was no evidence that such medication did in fact or would normally have any effect on defendant's mental processes. There is no evidence that he did not understand what he was saying or doing at the time the alleged statement was given. We cannot conclude that the taking of medication in and of itself is sufficient to make the parenthetical additions mandatory. Defendant's position was simply that the statement testified to by the police never was given, that this was a fabrication by police. In these circumstances, there was no error in the refusal to instruct on this issue.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.