**STATE of Missouri, Plaintiff-Respondent,**

v.

**Floyd Rush EDWARDS, Defendant-Appellant.**

No. 39666.

Missouri Court of Appeals, St. Louis District, Division Three.

Dec. 19, 1978.

John M. Putzel, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, counsel on appeal only, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury of Robbery First Degree. Under the Second Offender Act the court assessed his punishment at 25 years imprisonment.

Defendant's first point on appeal is that the "court erred in denying appellant's Motion for Judgment of Acquittal at the close of the State's case because the testimony of the State's witnesses was so conflicting and contradictory as to be insufficient to support a finding of guilt . . ." This contention was not assigned as error in his motion for a new trial and is not preserved for appellate review. *State v. Guelker,* 548 S.W.2d 521, 523 (Mo. banc 1976). A review under Rule 27.20(c) reveals that defendant's point is without merit.

On the evening of November 6, 1976, William Towns was employed as a night clerk in the Edison Hotel in St. Louis. Around midnight, defendant approached him, produced what appeared to be a pistol, and demanded money. Towns gave the man two one-dollar bills and some change. He then successfully activated the silent alarm. As the defendant left the hotel, Towns observed him tossing the weapon behind an elevator shaft. This was also observed by the two officers answering the alarm. The officers immediately arrested defendant. Towns positively identified defendant at the trial.

There was substantial evidence to support the jury's verdict in spite of conflicts in the testimony. Conflicts in the evidence, the determination of the credibility of witnesses, and the weight to be given their testimony are factors within the province of the jury. *State v. Kellick,* 521 S.W.2d 166, 167 (Mo.App.1975).

Defendant's second point is also without merit. He claims that the court erred in admitting into evidence a .22 caliber tear gas gun, which was the gun found near the elevator shaft. Towns identified it as the gun used, but stated he thought it was .45 caliber.

The gun was admissible. Identification of an exhibit need not be wholly unqualified in order to make it admissible. *State v. Russ,* 537 S.W.2d 216 (Mo.App. 1976). When shown the gun at the trial, the victim testified, "Yes, sir, that's the one." His statement that he thought it was a .45 caliber pistol would only affect the weight to be given such evidence by the jury.

Judgment of the trial court is affirmed.

CLEMENS and GUNN, JJ., concur.