**STATE of Missouri, Plaintiff-Respondent,**

v.

**Thomas NAUMAN, Defendant-Appellant.**

**No. 41074.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 4, 1979.

259

Joseph V. Neill, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robt. Otto, Kristie Green, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant, Thomas Nauman, was convicted by a jury of stealing from a dwelling house and was sentenced by the court under the Second Offender Act to five years imprisonment.

Defendant files this appeal alleging three grounds of error. Defendant first contends that the trial court should not have allowed Mrs. Aubuchon, the eyewitness to the stealing, to identify the defendant in court. On a motion to suppress identification evidence the court held that the procedure for pretrial identification by this witness was improperly suggestive and excluded that identification evidence. The court allowed Mrs. Aubuchon to identify the defendant in court, however, on the basis that she had sufficient opportunity to observe the defendant during the break-in of the dwelling.

■ Defendant disagrees and contends that there is insufficient basis for in-court identification by the witness independent of the tainted pretrial identification. Defendant submitted this point in a motion to suppress, in a motion for new trial, and "briefed" it on appeal. He did not, however, object to the in-court identification at the time it was made. This point is not, therefore, properly preserved for this court's review. *State v. Johnson,* 574 S.W.2d 42, 42 (Mo.App.1978); *State v. Starkey,* 536 S.W.2d 858, 865 (Mo.App.1976). Defendant concedes that his first point was not preserved but requests this court's review as plain error under Rule 27.20(c). Pursuant to this rule, defendant bears the burden of demonstrating that the alleged error resulted in a miscarriage of justice. *State v. McGraw,* 571 S.W.2d 802, 804 (Mo. App.1978). In judging whether the in-court identification was so tainted by the suggestive "show up" that it resulted in a miscarriage of justice we must determine whether there was sufficient basis for identification by the witness independent from the identification made at the "show up". *State v. Harris,* 571 S.W.2d 443, 445 (Mo.App.1978). Due consideration must be given to the "opportunity of the witness to view the accused at the time of the alleged crime, the accuracy of the witness' prior description of the accused, the certainty of the witness at the confrontation, the length of time between the crime and the confrontation, and the need for the police to determine at earliest possible opportunity wheth-

er the person suspected is the person sought." *State v. Collins,* 567 S.W.2d 144, 146 (Mo.App.1978).

Marie Aubuchon, the only eyewitness to the stealing, testified on direct examination that at approximately 8:30 p. m. on January 15, 1977, she noticed three young men approaching her house. They stopped momentarily in front of her car, then one of them walked back up the street positioning himself under the street lamp. The night was clear and snowy. As Mrs. Aubuchon continued to watch, the other two men, one of whom was the defendant, passed in front of her house to the house next door which belonged to the victim, Mr. Prose. Mrs. Aubuchon stated that as she watched the men on Mr. Prose's porch she was no more than 12 feet away. She made particular note of the type and color of their clothing and said she saw their faces for "just a second" before they entered Mr. Prose's house. Shortly after the two men entered the house Mrs. Aubuchon left her post to call the police. She then returned to the front of her house and was able to see the young men leaving, the defendant carrying a television, the other carrying a grocery bag. The witness again saw their faces as they crossed the door of the victim's house. Mrs. Aubuchon watched the men walk up the street for a new minutes then called the police a second time giving them a description of the men and informing the police of the direction in which the men were traveling.

When the police arrived at Mrs. Aubuchon's house they informed her that they picked up two boys and wanted her to identify them. She was taken to police headquarters approximately one hour later where she identified the defendant and another as the young men whom she had seen leaving the Prose residence earlier in the evening.

■ Although Mrs. Aubuchon wavered on cross examination as to how many times she saw the men's faces, she was able to observe that they were white, male and young with no unusual features. She ad-

mitted that she was nervous and upset upon witnessing the entry into Mr. Prose's home, however, we do not believe her mind was in such an agitated state as to discredit her testimony. Victims of crimes are not required to remain calm during the commission of an offense as a condition precedent to the admissibility of their testimony. *State v. Armbruster*, 541 S.W.2d 357, 361 (Mo.App.1976). The same consideration is given when a witness who is not the victim views an emotionally disturbing occurrence. He will not be judged incompetent to testify if he has "sufficient understanding to receive, remember, and narrate impressions, and is sensible to the obligation of an oath." *State v. Armbruster, supra* at 361, n.2. Mrs. Aubuchon's emotional state affected her testimony only as to credibility, and it was for the jury and not this court to pass on that question. *State v. Edwards*, 574 S.W.2d 956, 957 (Mo.App.1978); MAI No. 2.01. We find that Mrs. Aubuchon had ample opportunity to observe the accused. She watched them from a distance of less than twelve feet for several minutes on a clear snowy night. Less conducive conditions for observation have been held to be sufficient. *E. g., State v. Young*, 534 S.W.2d 585, 589 (Mo.App.1976) (observation of accused for three seconds at thirty fee); *State v. Davis*, 530 S.W.2d 709, 712 (Mo.App.1975) (criminal observed from eight feet for ten seconds). Although it does not appear from the record what kind of a description Mrs. Aubuchon gave the police we assume that it was sufficiently accurate to aid them in apprehending the suspects for they were taken into custody shortly thereafter. Mrs. Aubuchon was driven to the police station within approximately one hour of her last call to the police and her identification of the suspects in court was positive.

■ We find that the trial court did not err in admitting Mrs. Aubuchon's in-court identification of the defendant. Her in-court identification was positive and there was substantial independent basis for defendant's identification. *State v. Young*, 534 S.W.2d 585, 589 (Mo.App.1976). These two factors outweigh the suggestive nature of the pre-trial confrontation. *State v. Johnson*, 536 S.W.2d 851, 855 (Mo.App. 1976). Where there is no error defendant cannot have been the victim of a miscarriage of justice. Point one is ruled against the defendant.

■ In his second point, defendant submits that the trial court erred in overruling defense counsel's objection to certain statements made by the prosecutor in his closing argument. The essence of the statements found objectionable by the defendant is that in order to acquit the defendant the jury would have to believe that Officer Marshall, a witness for the State and a police officer for fourteen years, perjured himself and that the jury should be ready to try him for that offense. Defendant claims that this statement is beyond the scope of the instructions and was calculated to inflame the jury and prejudice them against the defendant.

The first ground for defendant's second claim of error, that the prosecutor's statement is beyond the scope of the instructions, is unfounded. The transcript indicates that the court submitted to the jury MAI No. 2.01 which states, in pertinent part, that "you (the jury) alone must decide upon the believability of the evidence." MAI No. 2.01. This instruction clearly encompasses argument made by either party on the issue of witness credibility.

As to defendant's second ground, that the prosecutor's statement was made with the intent to inflame the jury and prejudice them against the defendant, we defer to the trial court's wide discretion in controlling counsel's closing argument. *State v. Miller*, 560 S.W.2d 45, 46 (Mo.App.1977). Defendant cites *State v. Cage*, 452 S.W.2d 125 (Mo.1970) for the proposition that the trial court abused its discretion by allowing the prosecutor to argue the credibility of his witnesses. This case does not support the defendant's position. In *Cage* the prosecutor argued that "[e]ither he (defendant) is guilty of possession of a stimulant drug or they (officers testifying for the State) are guilty of perjury." *State v. Cage, supra* at

130. The trial court rebuked the prosecutor who immediately apologized. The appellate court held, however, that the above comment by the prosecutor was not prejudicially improper. The court indicated that it would not have reversed the trial court even in the absence of a rebuke and apology citing *State v. Johnson*, 351 Mo. 785, 174 S.W.2d 139, 142 (1943). *State v. Cage, supra*, at 130. *Accord, State v. Johnson*, 293 S.W.2d 907, 912 (Mo.1956).

As defendant concedes, the State's counsel has the right to comment in his closing argument on the credibility of the witnesses. *State v. Wilson*, 554 S.W.2d 511, 514 (Mo.App.1977). We are persuaded by the *Cage* and *Johnson* cases and consequently find no abuse of discretion by the trial court in permitting such argument.

Defendant's second point is ruled against him.

Defendant complains in his final point that the trial court erred in sustaining the prosecutor's objection to the admission of statements made by Officer Marshall to the police radio dispatcher concerning circumstances surrounding defendant's arrest. Defendant also objects to the trial court's refusal to admit into evidence recordings of the radio logs containing these statements made by Officer Marshall. The court refused to admit the officer's testimony as to these statements or recordings of them on the grounds that they were hearsay and irrelevant. Defense counsel explained that he merely wished to illicit this testimony for the purpose of impeachment.

■ As the State indicated in their brief, defendant did not lay a proper foundation for the introduction of this testimony for impeachment purposes. *See, State v. Vaughn*, 501 S.W.2d 839, 842 (banc 1973). In addition to this error, defense counsel failed to make an offer of proof in that he did not state for the record what the officer's testimony would have been nor did he request that the radio logs containing the officer's alleged impeaching statement be made a part of the record. Consequently, this court does not have the contents of the radio logs or the officer's testimony before

it and cannot, therefore, judge whether the statements were inconsistent and valuable for impeachment purposes. The burden is on the defendant as appellant in this case to create a complete record throughout the course of the trial and to present it with his brief on appeal. *State v. Clark*, 522 S.W.2d 332, 334 (Mo.App.1975); Rule 81.12(b). Without a record of these statements there is nothing for this court to decide. *Garrett v. State*, 486 S.W.2d 272, 274 (Mo.1972). Point three is without merit.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.