**STATE of Missouri, Respondent,**

v.

**Roy E. HARRIS, Appellant.**

**No. WD 31711.**

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Peter N. Sterling, Acting Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., WASSERSTROM, C. J., and NUGENT, J.

. MANFORD, Presiding Judge.

This is a direct appeal from a jury conviction for burglary, second degree. Punishment was affixed at two years in the Department of Corrections. The judgment is affirmed.

Appellant presents one point on appeal, alleging the trial court erred in admitting into evidence the pretrial and in-court identification of himself because such identification was the result of impermissible suggestion.

The sufficiency of the evidence is not challenged, and a brief recital of the facts suffices. The witness to the burglary testified she left her home on November 20, 1979 at about 9:00 a. m. and returned between 9:30/9:45 a. m. As she opened the door, she saw appellant coming down the steps from the upstairs area of the house. The steps to the upstairs area were about three steps or paces from the front door. The witness stated she saw the side of appellant's face, and observed appellant run into the kitchen and then into the basement. She followed appellant, but by the time she reached the basement, appellant had fled through a basement door.

The witness testified she knew appellant's sister. She also testified she had observed appellant on a public street, but did not know his name.

Appellant attacked the identification at the pretrial stage by his motion to suppress. Respondent correctly argues that appellant failed to preserve the attack upon the in-court identification for purposes of appeal by failing to timely object to such identification. It has been held that where there has been a pretrial motion to suppress identification, and subsequent thereto such identification is admitted without objection, nothing is preserved for review, see *State v. Simmons*, 559 S.W.2d 557 (Mo.App.1977) and *State v. Nauman*, 592 S.W.2d 258 (Mo. App.1979).

This court has reviewed the matter ex gratia and finds the admission of evidence regarding the identification of appellant to be without error.

The judgment is in all respects affirmed.

All concur.