STATE of Missouri,
Plaintiff-Respondent,

v.

Terry **HARRELSON,**
Defendant-Appellant.

No. 42527.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 4, 1982.

Motion for Rehearing and/or Transfer
Denied June 18, 1982.

J. Martin Hadican, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SATZ, Judge.

A jury convicted defendant of selling cocaine, a Schedule II controlled substance, § 195.017, RSMo 1978. The court sentenced him to 12 years imprisonment. Defendant appeals. We affirm.

Defendant raises six points on appeal. As one of his points, defendant contends the state failed to make a submissible case. We disagree.

■ To determine whether the state made a submissible case, we consider as true the evidence and reasonable inferences most favorable to the state. *State v. Longmeyer*, 566 S.W.2d 496, 499 (Mo.App.1978). We disregard evidence and inferences to the contrary. *Id.* at 499. Viewed in this light, the record shows that on the evening of May 4, 1978, St. Louis County Police Officers Louis Dorough and Thomas Robinson met with an informant in St. Louis County. The informant and Officer Dorough drove in the informant's van to a prearranged location for meeting defendant. Officer Robinson followed them in an unmarked police vehicle and parked across the street from the prearranged site to observe the transaction. Robinson equipped himself with a pair of police department binoculars. A few minutes later, defendant arrived. He parked alongside the informant's vehicle and entered it. The informant introduced defendant to Dorough as Terry. Dorough told defendant he was the person interested in cocaine and defendant replied: "he had it." Defendant then gave Dorough a plastic bag containing cocaine in exchange for one hundred dollars. From this vantage point across the street, Officer Robinson used the binoculars to observe defendant get in and out of the informant's van. The area was well lighted by lights from a large advertising sign and lights from the interior of a near-by store. Both Dorough and Robinson identified defendant at trial.

Unquestionably, this evidence was sufficient to make a submissible case and to convict defendant of selling cocaine. Defendant's complaint against this evidence centers on asserted differences between it and defendant's evidence. These differences, however, simply raised issues for the jury's consideration, and the jury resolved the issues in the state's favor.

■ Defendant next complains about the trial court's failure to give a requested instruction concerning inconsistent testimony of Officer Robinson. This testimony arose in the following context. Defendant's defense was alibi. He claimed he was at home at the time of the sale in question. Thus, the officers' identification of defendant was critical. Defendant attacked Officer Robinson's identification of him. In a deposition taken prior to trial, Officer Robinson was asked how far he was from defendant at the time he observed defendant getting in and out of the informant's van. Robinson replied: "Probably a hundred fif-

ty (150) yards maybe a little bit more." At trial, however, Robinson changed his estimate of this distance and testified he was 100 feet from the van at the time he observed defendant. Because of this discrepancy, defendant's trial counsel requested the court to give MAI–CR(2d) 3.52 to the jury. This instruction specifically instructs the jury that it may consider a witness' inconsistent testimony in "deciding the believability of the witness and the weight to be given to his testimony."[1] The court refused counsel's request. Defendant argues this refusal was prejudicial error. We disagree. The court's refusal to give the instruction was error but the error was not prejudicial.

Rule 28.02(a) requires the court to give criminal instructions in the 3.00 series, such as MAI–CR(2d) 3.52, if the instruction is requested to be given and the instruction is "applicable." Applicability simply means the instruction is supported by the evidence. *See State v. Shivers*, 458 S.W.2d 312, 316 (Mo.1970); *State v. Crews*, 585 S.W.2d 131, 135–136 (Mo.App.1979). Here, Officer Robinson's deposition testimony that he viewed defendant at a distance of 150 yards clearly was inconsistent with his testimony at trial that he viewed defendant at a distance of 100 feet. Obviously, MAI–CR(2d) 3.52 was "applicable" to this inconsistent testimony, and, since the instruction was requested, it was error for the court to refuse to give this properly requested, applicable instruction.

The failure to give this instruction, however, worked no prejudice against defendant. The state does forcefully argue that Robinson's use of the binoculars made the discrepancy in the viewing distance irrelevant. We do not agree with this argument. Although Robinson's use of the binoculars to observe defendant would reduce the importance of the distance in proportion to the power of magnification of the binoculars, there is no evidence the binocular's magnification of the scene would create an identifiable image at the distance of 150 yards. Absent evidence of the binocular's power of magnification, we cannot say the binoculars rendered the viewing distance irrelevant.

However, Officer Dorough identified defendant as well as Officer Robinson. Dorough testified he spent six minutes face to face with defendant. With this testimony, the jury could have reached its verdict by believing Dorough's identification testimony and disbelieving Robinson's identification testimony, or by believing Robinson and disbelieving Dorough, or by believing both Dorough and Robinson. Obviously, we cannot definitely establish which path the jury chose to reach its verdict. However, since Officer Dorough viewed defendant for six minutes face to face in a well lit area, common sense dictates that the jury chose to believe Dorough's identification testimony, and Robinson's testimony was simply cumulative. In this context, we cannot say defendant was prejudiced by the court's failure to formally and explicitly instruct the jury on the method it should use to evaluate Robinson's testimony.

■ Defendant next contends the court erred in ruling on an answer given by Officer Dorough during cross-examination. During cross-examination, the following exchange took place:

Defense Counsel: "Did I understand you had not personally observed an individual by the name of Terry Harrelson?"

Officer Dorough: "I had not observed him other than photographs."

Defense counsel immediately objected on the grounds that the answer was unresponsive. The trial judge overruled the objection, declined to strike the testimony and denied defense counsel's request for a mis-

---

1. MAI–CR(2d) 3.52 reads:

"If you find and believe from the evidence that on some former occasion a witness made a statement (inconsistent) with his testimony in this case, you may consider such evidence for the purpose of deciding the believability of the witness and the weight to be given to his testimony. However, in deciding the guilt or innocence of the defendant, any prior statement of the witness must not be considered by you as evidence of the matters contained in the statement (except as to those matters admitted by the witness to be true during his testimony in the case.)"

trial. Defendant argues the rulings constitute reversible error. We agree that the court's failure to sustain the objection and strike the answer was erroneous but we do not find this failure was prejudicial.

Taken literally, Officer Dorough's answer was unresponsive to defense counsel's question. Therefore, defense counsel's objection should have been sustained and Officer Dorough's answer stricken. The answer, however, gives rise to several equally sensible inferences, only one of which could have been prejudicial. From the answer, the jury could have inferred Dorough was referring to "mug" shots of defendant and from this further inferred that defendant had a prior criminal record. Obviously, this could have prejudiced defendant. However, the photographs remained undescribed. They were not shown to the jury. Thus, as far as the jury was concerned, they could have come from a neutral or innocuous source. No prejudice could be worked against defendant from this premise. *See State v. Harris*, 534 S.W.2d 516, 519–520 (Mo.App.1976). Since the possible prejudicial and nonprejudicial effect of Officer Dorough's answer are equally probable, we cannot say his answer did, in fact, prejudice defendant.

■ Defendant next asserts the prosecutor inflamed and prejudiced the jury by arguing in closing argument that "[t]he defendant would have you believe the police are liars." Defendant contends the trial court committed reversible error by failing to sustain the objection to this remark and to provide remedial relief. We disagree.

Defendant's quote is not quite accurate. The prosecutor did not argue that defense counsel suggested or implied the police officers were liars. The prosecutor asked the rhetorical question do "you want to believe those two officers sat here and deliberately lied under oath."[2] Although we do not condone the prosecutor's remarks, almost identical and similar remarks in closing arguments have been held nonprejudicial. *State v. Cage*, 452 S.W.2d 125, 130 (Mo. 1970); *State v. Nauman*, 592 S.W.2d 258, 261–262 (Mo.App.1979).[3]

Defendant also cites *United States v. Vargas*, 583 F.2d 380, 386–388 (7th Cir. 1978) to support his contention that the prosecutor's remarks were prejudicial. In *Vargas*, the defendant's testimony was contradicted by four federal agents. In closing argument, the prosecutor told the jury "if you find the defendant not guilty, I want you to write on there that all of those [federal agents] lied." *Id.* at 387. The Court held this remark to be a misstatement of law because it, in effect, required the jury "to find that all the Government agents had lied before it could rely on [defendant's] story." *Id.* at 388. The remarks of the prosecutor in *Vargas* amounted to a command which changed the state's burden

---

**2.** The pertinent part of the prosecutor's argument was:

"[Prosecutor]: We are not required to prove beyond a reasonable doubt his glasses were the same as he is wearing right now. We are not required to prove beyond a reasonable doubt what the license number is on the truck, his van or prove beyond a reasonable doubt his van is bronze color and not orange. We are required to prove beyond a reasonable doubt that he did it and unless Dorough and Robinson are lying, you want to believe those two officers sat here and deliberately lied under oath.

[Defense Counsel]: At no time did we make, present evidence about lying about anything. We didn't make any reference about any officer lying about anything.

THE COURT: The jury will remember the testimony. This is argument and is not testimony and you will be guided by the testimony as you remember it. You may proceed.

[Prosecutor]: You want to believe they sat here and lied to you or if you want to believe that they are so stupid that they go out on their operation and don't bother to get a look at this person or find out anything about him. You want to believe that, okay, and if you do believe that, then with their testimony out of the way, you can, I suppose, accept the testimony of the alibi witnesses."

**3.** In *State v. Cage, supra,* the state argued: "Either [the defendant] is guilty ... or [the police officers] are guilty of perjury." In *State v. Nauman, supra,* the state argued that in order to acquit the defendant the jury would have to believe the police officer perjured himself and the jury should be ready to try him for that offense. In the *Cage* case, our Supreme Court noted, seemingly with approval, that the trial court rebuked the prosecutor for making the quoted argument. *State v. Cage, supra* at 130.

of proof. Those remarks differ materially from the rhetorical question posed to the jury by the prosecutor in the present case. Thus, *Vargas* is inapposite.

Finally, defendant challenges the constitutional validity of the statutes under which he was charged, convicted and sentenced. §§ 195.017 and 195.200 RSMo 1978. This constitutional challenge is within the exclusive appellate jurisdiction of our Supreme Court and, ordinarily, we would transfer this case to that Court for its consideration of the challenge. Art. 5, § 3 Mo.Const.1945, as amended. However, from the record before us, it appears that defendant failed to make this constitutional challenge at the earliest opportunity. He raised these constitutional issues for the first time in his motion for a new trial and, thus, did not preserve these issues for review. *State v. Harris*, 564 S.W.2d 561, 569–570 (Mo.App.1978).

Judgment affirmed.

SMITH, P. J., and PUDLOWSKI, J., concur.

