**STATE of Missouri, Respondent,**

v.

**Larry Donnell BILLINGTON, Appellant.**

**No. 52443.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 12, 1988.

Motion for Rehearing and/or Transfer Denied Feb. 11, 1988.

William J. Shaw, Public Defender, Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from jury convictions for burglary first degree, § 569.160, RSMo 1986; attempted robbery first degree, § 564.011, RSMo 1986; and armed criminal action, § 571.015, RSMo 1986, for which defendant was sentenced as a prior offender to two terms of twenty years' imprisonment and one term of three years' imprisonment, respectively, said sentences to run concurrently. We affirm.

Defendant does not question the sufficiency of the evidence to support his convictions. Viewed in the light most favorable to the verdict, evidence of guilt was strong. On September 8, 1985, defendant and Stanley Jones knocked on the door of victim's home. Victim was acquainted with both men. When she opened the door, the two pushed their way into her home. Jones threatened victim with a gun, and defendant kept his hand in a shoulder bag where a gun was later found by police. The two asked victim for money. Jones held the gun approximately a foot away from victim's face, and defendant said, "Give him the money. He's not going to hurt you." Victim denied having any money, and the two proceeded to ransack her home. The two were in the home for approximately ten minutes before the police arrived. They had been summoned by victim's boyfriend, who had jumped out a window and run across the street to the police station. Victim testified she was afraid for her life and for the lives of her three young chil-

dren who were also in the house at the time of the incident.

Defendant raises two points on appeal. His second point alleges he was improperly sentenced on the burglary and robbery charges to an extended term of imprisonment not supported by the evidence. On September 23, 1987, the State and defendant joined in a motion to remand for resentencing and that motion was granted. The trial court then sentenced defendant to concurrent fifteen year terms for each of the abovementioned charges. For that reason, defendant's second point is no longer before this court.

Defendant also questions various aspects of the State's closing argument. We will discuss each of the alleged improprieties separately, keeping in mind the broad discretion afforded the trial court in controlling closing arguments with reversal only proper "where it is established that the complained of argument had a decisive effect on the jury's determination." *State v. Sanders*, 714 S.W.2d 578, 590 [17] (Mo. App.1986). Because defendant's objections were not preserved in his motion for new trial, we review only for plain error. Rules 29.11(d), 29.12(b), and 30.20.

Defendant first asserts the prosecutor's closing argument was improper because he made an indirect reference to defendant's failure to testify.

The prosecutor argued:

THE PROSECUTOR: Now what's the evidence? Well, the evidence is clear. The evidence is uncontradicted. You jurors heard no defense evidence. The State's case is totally—in fact, I only asked for fifteen minutes to argue this case, not because I don't think it's an important case. Obviously, it's a very important case, but it's simply a clear-cut case of armed robbery, attempt [sic] armed robbery, and armed criminal action and burglary. There is no evidence whatsoever contradicting the State's case.

MR. GRALIKE: (defense) Your Honor, I'm going to object to the inference at

that point. I have no burden to present any evidence at all and the prosecutor, he knows that.

THE COURT: Overruled.

MR. MEINERS: (prosecutor) Obviously, he has no burden, but if you've got evidence you put it on and he's a good lawyer, he's an ethical lawyer, he would not be doing his job. This came up in voir dire. He asked the panel on voir dire, 'Well, would anybody hold it against me if I didn't put any evidence on?' You remember one of the people raised their hand and said, 'Yeah, I don't think you'd be doing your job.' Well, he's a good lawyer, he's an ethical lawyer. If he had the evidence, he'd put it on.

MR. GRALIKE: (defense) I'm going to renew my objection at this point, your Honor.

THE COURT: Sir?

MR. GRALIKE: (defense) I'm going to renew my objection at this point. I don't think the inference here is proper.

THE COURT: It will be overruled.

MR. MEINERS: (prosecutor) The point is, while he has no burden to do it, if you've got the evidence you put it on. There's no question. He's an ethical lawyer and he's a good, ethical lawyer. If he had evidence, he'd put it on. There is simply no evidence showing this man did not do what the state said he did. What possible reason is there for Helen Frenchie to lie?

What possible motive is there for her to come in here and perjure herself and lie?

Had the defendant made a proper specific objection and preserved the same in his motion for new trial, he would probably have been entitled to a new trial. *Griffin v. California*, 380 U.S. 609, 611, 85 S.Ct. 1229, 1231, 14 L.Ed.2d 106 (1965). However, defendant's attorney did not specifically object that the closing argument was an impermissible indirect reference to defendant's failure to testify, *State v. Cannady*, 660 S.W.2d 33, 36 (Mo.App.1983), nor was the issue contained in his motion for new trial. Rule 29.12(b). Because evidence of guilt was so strong, we do not find plain error. *Id.* at 39[14].

■ Defendant also asserts the prosecutor impermissibly argued the victim was afraid to testify because of intimidation by the defendant. "When a prosecutor stays within the evidence and its reasonable inferences, his argument is permissible." *State v. Armbruster*, 641 S.W.2d 763, 766[5] (Mo.1982), rev'd on other grounds, *Rowe v. Farmers Ins. Co., Inc.*, 699 S.W.2d 423 (Mo. banc 1985).

The victim testified about her fears of retribution for testifying. The prosecutor's remarks were reasonable inferences from that testimony and were, therefore, permissible. The comments were an attempt by the prosecutor to bolster the reliability of victim's testimony, which defendant had attacked in his closing argument, and were not intended solely to inflame the jury against defendant.

■ Finally, defendant contends the prosecutor should not have been allowed to argue that if the jury did not accept the testimony of victim, she might be convicted of perjury. This comment was proper under *State v. Nauman*, 592 S.W.2d 258, 261–62 (Mo.App.1979).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.